Franklin McCRAE, Plaintiff,

v.

Filipe MARQUES, Defendant.

Civ. A. No. 86–2567.

United States District Court,
District of Columbia.

March 16, 1987.
Memorandum Order Feb. 10, 1988.

William P. Lightfoot, Washington, D.C., for plaintiff.

William Scanlin, Washington, D.C., for defendant.

Robert J. Kniaz, Washington, D.C., for WMATA.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court upon defendant's motion to strike claims for medical bills and lost wages. Upon consideration of the motion, the opposition thereto, and the entire record herein, the Court concludes that the motion must be granted.

This case arises from an automobile accident in the District of Columbia on September 26, 1985, between plaintiff Franklin McCrae, a bus driver for the Washington Metropolitan Area Transit Authority (WMATA), and defendant Filipe Marques. Plaintiff's complaint alleges that Marques negligently struck the bus plaintiff was driving, causing plaintiff to suffer permanent disability and to incur medical bills in excess of $5,000. WMATA has paid workers' compensation benefits to McCrae and has indicated it intends to pursue a lien against any recovery in this suit.

The Compulsory/No–Fault Motor Vehicle Insurance Act of 1982 (No Fault), D.C.Code §§ 35–2101 through 35–2113 (1985 Supp.), bars plaintiff's recovery for medical bills and lost wages.[1] Section 35–2105 of the D.C.Code provides, in part:

(a) RESTRICTION.

Except as provided in subsection (b), no person may maintain a civil action based on liability against any other person, with respect to an injury as to which personal injury protection benefits are payable under this Act.

(b) EXCEPTIONS TO RESTRICTION.

The provisions of subsection (a) do not apply if:

\* \* \* \* \* \*

(4) A person may be liable for noneconomic loss, in accordance with otherwise applicable law, caused a victim and arising from the maintenance or use of a motor vehicle if the victim suffered an injury directly resulting in substantial permanent scarring or disfigurement; substantial and medically demonstrable permanent impairment which has significantly affected the ability of the victim to perform his or her professional activities or usual and customary daily activities; or a medically demonstrable impairment that prevents the victim from performing all or substantially all of the material acts and duties which constitute his or her usual and customary daily activities for more than 180 days;

\* \* \* \* \* \*

(6) A person may be liable for any noneconomic loss if medical expenses of a victim or his or her survivors exceeds $5,000, inclusive of diagnostic x-rays costs....[2]

---

1. The District of Columbia City Council amended the 1982 No–Fault Act in 1985; the amended Act became law on March 4, 1986. Because the 1985 amendments are not retroactive, the 1982 No–Fault Act still governs tort suits arising from accidents which occurred before the amendments took effect. *Dimond v. District of Columbia,* 792 F.2d 179, 185 (D.C.Cir.1986). Unless otherwise specified, all further references are to No–Fault prior to its amendment.

2. This restriction on civil actions applies to plaintiff because personal injury protection (PIP) benefits are payable under the Act to plaintiff for this injury. PIP benefits are pay-

Under the clear language of the statute, plaintiff may maintain a civil action only for noneconomic loss. Plaintiff's claims for medical bills and lost wages are, therefore, stricken. This does not mean, however, that plaintiff out of his civil action recovery must reimburse WMATA for payments it made to plaintiff under workers' compensation for medical bills and lost wages.

■ WMATA's right to reimbursement stems from D.C.Code § 36–335, which provides, in part:

(b) Acceptance of such compensation under an award in a compensation order filed with the Mayor shall operate as an assignment to the employer of all rights of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within 6 months after such award.[3]

The statute limits WMATA's rights to plaintiff's rights. As just discussed, plaintiff may not recover medical bills and lost wages from defendant through a civil action. It follows, then, that D.C.Code § 36–335 does not provide WMATA with a right to recover from defendant the workers' compensation benefits WMATA paid to plaintiff for medical bills and lost wages.[4]

■ Although D.C.Code § 36–335 does not provide WMATA with a means to recover workers' compensation payments, WMATA does have a right to reimbursement where third parties are liable. The No–Fault Act provides WMATA with a means to obtain reimbursement. Section 35–2111 provides, in part:

(d) SUBROGATION.

(1) An insurer shall have a right of reimbursement from any other insurer, based upon a determination of fault, for any personal injury protection benefits paid or obligated to be paid by that insurer as a result of an accident that involved 2 or more motor vehicles, at least 1 of which was of a type other than a passenger motor vehicle.[5]

able to plaintiff pursuant to D.C.Code § 35–2104, which provides, in part, that

[a]n applicable insurer shall provide ... for personal injury protection ... for each person covered by insurance for any injury sustained ... by that person as a result of an accident in the District....

Plaintiff meets the requirement of D.C.Code § 35–2104. The accident which is the basis of this lawsuit occurred in the District of Columbia. As discussed in footnote 5, *infra*, WMATA, as the "applicable insurer," must provide PIP benefits to plaintiff for the injuries he sustained.

3. Plaintiff first received workers' compensation payments on October 17, 1985. Plaintiff filed his complaint on September 16, 1986, more than six months after receiving his workers' compensation benefits, so the latter part of the statute does not apply.

4. Alternatively, even if WMATA's right to reimbursement is construed as a lien, and not an assignment, *see, e.g., Landon v. Lief Hoegh and Co.,* 521 F.2d 756, 760 n. 3 (2d Cir.1975), WMATA has no right to reimbursement from plaintiff's civil action recovery. One of the purposes of reimbursement under the Workers' Compensation Act is to prevent double recovery. Plaintiff cannot enjoy double recovery because he has received workers' compensation benefits solely for economic damages and he may seek recovery through a civil action solely for noneconomic damages.

5. The No–Fault Act requires the insurer, WMATA, to pay PIP benefits to plaintiff. Section 35–2103(a) states that

[e]ach owner of a motor vehicle required to be registered ... in the District shall maintain insurance for payment of the benefits required by this act for personal injury protection. * * * This insurance shall be in effect continuously during the motor vehicle's period of registration....

Without question, WMATA owns motor vehicles required to be registered in the District of Columbia and must, therefore, maintain insurance (or the equivalent thereof, with WMATA being self-insured) for the payment of PIP benefits. The No–Fault Act does not exclude WMATA from the requirement of effectively maintaining insurance for the payment of PIP benefits.

The No–Fault Act does not exclude employees injured in the course of their employment from receiving PIP benefits. Indeed § 35–2107(a)(1), discussed below, requires that an employer's insurer pay PIP benefits to an employee injured in the course of his employment. Although workers' compensation benefits are generally an employee's sole and exclusive remedy against his employer pursuant to D.C.Code § 36–304, the Court is persuaded that the City Council, by enacting the No–Fault Act after enacting the Workers' Compensation Act, intended that an employee injured in the course of his employment, while in a motor vehicle provided by his employer, receive PIP benefits. The statute

Because WMATA is required to pay PIP benefits and the accident which is the subject of this action involved two motor vehicles, one of which was not a passenger vehicle, the Court concludes that WMATA has a right of reimbursement for all of what effectively were PIP payments, regardless of source, subject to a determination of fault.[6]

SO ORDERED.

## MEMORANDUM ORDER

This matter is before the Court on the motion of the Washington Metropolitan Area Transit Authority (WMATA) to reconsider the Court's Memorandum Opinion of March 16, 1987. Upon consideration of the motion, the oppositions thereto, and the entire record herein, the Court concludes that the motion must be denied.

The Court recited the basic facts of this case in its March 16 opinion. Pursuant to the Court's invitation in footnote 6 of that opinion, WMATA intervened to request reconsideration. Although WMATA's arguments do not persuade the Court to alter its ruling, the Court deems it appropriate to clarify one of the issues discussed in the opinion.

gives no indication that an employee of WMATA is exempt from this rule.

WMATA is the insurer responsible to make PIP payments to plaintiff for this accident. Section 35–2107 provides, in part:

PRIORITIES FOR THE PAYMENT OF BENEFITS

(a) The insurer responsible for the payment of personal injury protection benefits shall be determined in accordance with, and in the order of, the priorities set forth in this section. The insurer liable to pay benefits is:

(1) The insurer providing required insurance to an employer, if the victim is an employee or relative of an employee and the injury occurs while the victim is in a motor vehicle provided or made available by that employee's employer in the course of his or her employment;

\* \* \* \* \* \*

There is no dispute that plaintiff was injured in the course of his employment while driving his employer's bus, and WMATA (as a self-insured) is the insurer of the highest priority to pay the PIP benefits to plaintiff.

Although plaintiff may not enjoy double recovery by receiving both full PIP benefits and

WMATA argues that the District of Columbia Council intended the District of Columbia Workers' Compensation Act, D.C. Code §§ 36–301 through 36–344, to be the primary statutory scheme governing parties' rights in situations such as the instant case in which both the Workers' Compensation Act and the Compulsory/No–Fault Motor Vehicle Insurance Act of 1982 (No–Fault), D.C.Code §§ 35–2101 through 35–2113, apply yet provide inconsistent results.[1] The Court does not agree. The Court concludes that the Council intended benefits payable under the Workers' Compensation Act to be primary over benefits payable under No–Fault; however, No–Fault remains the primary statutory scheme governing parties' rights in situations where both laws apply.

Section 35–2110(b) of No–Fault provides in part:

(b) SUBTRACTION OF CERTAIN OTHER BENEFITS

All benefits (less reasonably incurred collection costs) that an individual receives or may receive, with respect to an injury, from:

\* \* \* \* \* \*

full workers' compensation benefits, there is nothing to preclude WMATA from using funds from various sources (including funds from workers' compensation) to satisfy the full PIP benefits it must pay to plaintiff.

**6.** The issues treated in this Memorandum Opinion were not raised by the parties until the pretrial conference which was held on March 5; relevant pleadings were filed by defendant and plaintiff, respectively, on March 9 and March 12 directed to the conflicts between the statutes involved. The case is scheduled for trial tomorrow. WMATA, although aware of this litigation, has not sought to intervene herein. If it wishes to seek to intervene and request reconsideration of this Memorandum Opinion, it should do so within ten days from the date hereof.

**1.** The Council amended the 1982 No–Fault Act in 1985; the amended Act became law on March 4, 1986. Because the 1985 amendments are not retroactive, the 1982 No–Fault Act still governs tort suits arising from accidents which occurred before the amendments took effect. *Dimond v. District of Columbia*, 792 F.2d 179, 185 (D.C.Cir. 1986). All further references are to No–Fault prior to its amendment.

(2) workers' compensation;

\* \* \* \* \* \*

shall be subtracted in calculating personal injury protection benefits unless the law authorizing or providing for those benefits makes them secondary to or duplicative of personal injury protection benefits.

The Workers' Compensation Act does not make benefits paid under Workers' Compensation secondary or duplicative of personal injury protection (PIP) benefits; therefore, PIP benefits must be paid only if the benefits paid under Workers' Compensation do not accord an injured individual the full measure of recovery he would receive from PIP benefits. This conclusion is buttressed by § 35–2110(f) of No–Fault, which provides that "[e]xcept as provided in subsections (b) and (c), personal injury protection benefits and insurance shall be primary over any other applicable insurance." Therefore, benefits payable under Workers' Compensation are primary over benefits payable under No–Fault.

■ Although the benefits payable under Workers' Compensation are primary over PIP benefits, the remedies under Workers' Compensation for an employer to recoup benefits paid from liable third parties are not primary over the remedies set forth in No–Fault. In situations where both No–Fault and Workers' Compensation apply, an employer may recoup benefits paid under Workers' Compensation only through the avenues provided in No–Fault. No–Fault imposes limitations on civil actions arising from automobile accidents.[2] The Court believes that the more limited remedies available under No–Fault should govern parties' rights in situations where both laws apply because (1) the Council enacted No–Fault after the Workers' Compensation Act, and, under the general rule of statutory construction, the statute enacted last in time governs where the laws provide inconsistent results; (2) if an individual injured in the course of his employment (or his employer, as assignee) were

permitted to bring a civil action unhindered by the limitations imposed by No–Fault, such an individual (or employer) would enjoy the benefits of a classification (*i.e.*, employees injured in the course of their employment, as distinguished from individuals injured other than in the course of employment) for which the Court can discern no rational basis; and (3) the Council made a policy decision to limit the proliferation of lawsuits arising from automobile accidents, and permitting an individual injured in the course of his employment (or his employer) to avoid the limitations imposed on lawsuits arising from automobile accidents would undercut the Council's policy decision without providing any counterbalancing benefit. Therefore, No–Fault serves as the primary statutory scheme governing parties' rights in situations in which both No–Fault and Workers' Compensation apply.

■ Under No–Fault, an insurer who has paid benefits to an insured may seek reimbursement from the insurer of the liable third party. D.C.Code § 35–2111(d). Although § 35–2111(d) provides for reimbursement of PIP benefits and does not mention workers' compensation benefits, the Court concludes that workers' compensation benefits paid which satisfy in whole or in part the PIP benefits which must be paid under No–Fault are effectively PIP payments. The employer who has paid workers' compensation benefits that partially or fully satisfy the required PIP benefits may, therefore, obtain reimbursement from the insurer of the liable third party.

Thus, as the Court ruled on the day before trial, plaintiff may not recover economic losses against defendant because No–Fault precludes suits to recover the economic losses that plaintiff suffered. Moreover, WMATA may not enforce a lien against plaintiff's civil action recovery for pain and suffering; WMATA's sole remedy for reimbursement for economic losses is against the defendant's insurer. Finally, although plaintiff alleged a permanent inju-

**2.** Under the Workers' Compensation Act, a civil lawsuit may be instituted to collect damages from liable third parties. D.C.Code § 36–335.

**658**

ry, there is no indication at this time that WMATA will pay workers' compensation benefits to plaintiff in excess of the PIP benefits available. Therefore, the Court will not address the hypothetical issue concerning WMATA's right to recovery if workers' compensation benefits exceed PIP benefits limits.[3]

Accordingly, it hereby is

ORDERED, that WMATA's motion for reconsideration is denied.

SO ORDERED.

---

**3.** If workers' compensation benefits had exceeded PIP benefit limits at the time of trial, the issue would have been resolved by reference to D.C.Code § 35–2105(a).