**Viola THOMAS, Appellant,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, et al.**

No. 87–7145.

United States Court of Appeals, District of Columbia Circuit.

Argued March 11, 1988.

Decided May 27, 1988.

Lawrence S. Lapidus, with whom Donald J. Chaikin, Washington, D.C., was on the brief, for appellant.

Gerard J. Stief, with whom Sara E. Lister, John G. Elligers, and Frederic H. Schuster, Washington, D.C., were on the brief, for appellees.

Before D.H. GINSBURG and SENTELLE, Circuit Judges, and KAUFMAN,[*] Senior District Judge.

Opinion PER CURIAM.

PER CURIAM:

This is an appeal from a grant of summary judgment. The District Court found

---

[*] Of the United States District Court for the District of Maryland, sitting by designation pursuant to 28 U.S.C. § 294(d).

that defendant Washington Metropolitan Area Transit Authority (WMATA) had no uninsured-motorist liability to plaintiff Thomas under the District of Columbia's Compulsory/No–Fault Motor Vehicle Insurance Act of 1982. We affirm.

While riding on a bus owned and operated by defendant WMATA, Thomas was injured solely as a result of the negligence of an unidentified driver. Thomas incurred approximately $4,500 in medical expenses and received no-fault personal-injury-protection benefits for her economic damages from self-insured WMATA, as provided in the statute. The parties settled all claims except Thomas's claim for noneconomic pain and suffering damages, which Thomas contends she is entitled to recover from WMATA under its uninsured-motorist coverage.

At the time of Thomas's injury in 1984, the statute required owners of vehicles registered or operated in the District to obtain, and insurers to provide, minimum no-fault personal-injury coverage.[1] Compulsory/No–Fault Motor Vehicle Insurance Act of 1982, D.C.Law 4–155, §§ 4, 7, 29 D.C.Reg. 3491, 3496, 3501 (1982). The personal-injury coverage specifically excluded "noneconomic loss" such as pain and suffering. *Id.* §§ 3(13), (19), 29 D.C.Reg. at 3493, 3494. The statute also required minimum uninsured-motorist accidental-injury or death coverage in an amount identical to the then-required minimum for personal-injury coverage. *Id.* §§ 4, 7(f), 29 D.C.Reg. at 3496, 3503. The unidentified motorist who caused Thomas's injuries was statutorily deemed the operator of an uninsured motor vehicle, *id.* § 7(f)(1)(C), 29 D.C.Reg. at 3503, and the parties do not question that Thomas is entitled to the benefit of uninsured-motorist coverage, if otherwise applicable.

The statute barred liability actions when personal-injury benefits were payable, as they were to Thomas, with enumerated exceptions. *Id.* § 6, 29 D.C.Reg. at 3500. One of these, Exception 5, permitted an action "for any loss or noneconomic loss" against an owner of a vehicle involved in an accident if "required insurance was not in effect with respect to that motor vehicle." *Id.* § 6(b)(5). Another provision, Exception 6, permitted suits for noneconomic losses when medical expenses of the victim exceeded $5,000. *Id.* § 6(b)(6), 29 D.C.Reg. at 3501. It is under Exception 5 that Thomas claims the right to recover noneconomic losses from WMATA as self-insurer of its required minimum uninsured-motorist coverage.

That claim fails. The purpose of uninsured-motorist coverage generally is to put a person injured by an uninsured or unidentified motorist in as good a position to recover as if the tortfeasor were both identified and insured. *See, e.g., Dewberry v. Auto–Owners Insurance Co.,* 363 So.2d 1077, 1081 (Fla.1978). Clearly Exception 5 was expressed, and Thomas attempted to proceed, in terms of the uninsured tortfeasor's liability.[2] The liability of the uninsured motorist, too, was the predicate of uninsured-motorist coverage, which was provided "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." D.C.Law 4–155, § 7(f)(2), 29 D.C.Reg. at 3503. Here, admittedly, Thomas could not have proceeded against the tortfeasor if he or she were identified and insured because suits for noneconomic losses for personal injury in such a circumstance were barred unless the plaintiff's medical expenses exceeded $5,000. *Id.* § 6(b)(6), 29 D.C.Reg. at 3501. This threshold was a reasonable attempt to limit such actions to those involving serious medical injuries. *Dimond v. District of Columbia,* 792 F.2d 179, 186 (D.C.Cir.1986). The parties agree that Thomas's medical expenses did not exceed $5,000. Clearly, then, Thomas would real-

---

1. The statute has been amended, but the amendments are not applicable to this case. *See Dimond v. District of Columbia,* 792 F.2d 179, 185 (D.C.Cir.1986). The statute is codified as amended at D.C.Code Annotated §§ 35–2101 to 35–2114 (Supp.1987).

2. Thomas's complaint names and states a negligence claim against a "John Doe" defendant, whose liability has been stipulated by WMATA for purposes of this litigation.

ize a windfall inconsistent with the purpose of uninsuredmotorist coverage if permitted to proceed against WMATA's uninsured-motorist coverage when suit against an insured tortfeasor would be barred.

Thomas argues that uninsured-motorist coverage is a nullity if she is not permitted to proceed. The fact that uninsured-motorist coverage is available to satisfy claims against an uninsured motorist for noneconomic damages when medical expenses pass the $5,000 threshold of Exception 6 demonstrates, however, that such coverage and Exception 5 are not made nullities by the District Court's ruling. Accordingly, the judgment of the District Court. is

*Affirmed.*