**Jannies A. HOLMES, Plaintiff,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Defendant.**

**Civ. A. No. 89–0789.**

United States District Court, District of Columbia.

Jan. 29, 1990.

Eric M. May, Washington, D.C., for plaintiff.

Frederic M. Schuster, Washington, D.C., for defendant.

## MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

This matter is before the Court on the plaintiff's Motion for Partial Summary Judgment and defendant's Cross Motion for Summary Judgment. The Court heard argument on these motions on November 7, 1989. After careful consideration of the motions, the oppositions, and the entire record herein, the Court concludes that plaintiff's motion for partial summary judgment must be denied and defendant's motion for summary judgment must be denied.

### I

The facts of the case may be briefly stated. On April 25, 1985, plaintiff Jannies A. Holmes was a resident of the District of Columbia employed by Washington Metropolitan Area Transit Authority (hereinafter "WMATA") as a bus operator. On the above date, plaintiff was operating a WMATA bus eastbound on Eastern Avenue, N.E., Washington, D.C., when the bus she was driving was struck from behind by a motor vehicle driven by an alleged unin-

sured motorist, Mr. Kenneth Allen. Holmes received her statutory compensation benefits from WMATA required under the District of Columbia Workers' Compensation Act, D.C.Code Ann. §§ 36–301 through 36–344 (1988) (hereinafter "WCA"). Plaintiff subsequently filed the instant action seeking $10,000 in uninsured motorists benefits pursuant to § 35–2106(f) of the District of Columbia Compulsory/No–Fault Vehicle Insurance Act of 1982, set forth at D.C.Code Ann. §§ 35–2101 through 35–2113 (1985 Supp.) (hereinafter "No–Fault Act").[1]

### II

██ Holmes has moved for partial summary judgment on the issue of liability for uninsured motorist coverage. Summary judgment can only be entered if everything in the record demonstrates that no genuine issue of material fact exists. "Only disputes over facts that will affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Holmes contends that since she was injured as the sole result of the negligence of an uninsured motorist and has incurred more than $5,000 in medical expenses, she is entitled to recover up to $10,000 in uninsured motorist coverage from WMATA for her "non-economic losses" under the No–Fault Act. Holmes relies upon *Thomas v. Washington Metropolitan Area Transit Authority,* 846 F.2d 1536 (D.C.Cir.1988) (per curiam) for support. While acknowledging that as a self-insured, it was required to maintain the minimum uninsured motorist coverage for non-economic losses, WMATA argues that Holmes is not entitled to benefits because she has not sufficiently demonstrated that the adverse driver was in fact uninsured or the driver of an uninsured motor

---

1. The District of Columbia City Council amended the 1982 No–Fault Act in 1985; the amended Act became law on March 4, 1986. Because the 1985 amendments are not retroactive, the 1982 No–Fault Act still governs tort suits arising from accidents which occurred before the amendments took effect. *Dimond v. District of Columbia,* 792 F.2d 179, 185 (D.C.Cir.1986). All further references are to No–Fault prior to its amendment.

vehicle as defined under the No–Fault Act.[2] Since whether or not the driver was insured at the time of the accident will affect the outcome of this case under the No–Fault Act, this factual dispute is indeed "material". Although the parties herein agree about the basic facts, they dispute what inferences should be drawn from them. Under these circumstances, summary judgment would be improper. It is not the court's function to try facts on a summary judgment motion but only to determine whether a genuine factual dispute exists. *Mardirosian v. American Institute of Architects*, 474 F.Supp. 628, 639 n. 20 (D.D.C.1979). Accordingly, plaintiff's motion for partial summary judgment must be denied.

### III

For the purpose of its cross motion for summary judgment, WMATA concedes that there is no genuine issue of material fact. Thus, the Court will in addressing WMATA's arguments assume that the adverse driver was insured.

■ First, WMATA contends that plaintiff is barred from seeking additional compensation—i.e. the requested uninsured motorist benefits—from its employer by the exclusive remedy provisions of the WCA. *See* D.C.Code Ann. § 36–304 (1988). Holmes cites *McCrae v. Marques*, 688 F.Supp. 653 (D.D.C.1988) for the contrary proposition that the exclusivity clause of the WCA does not bar an employee from seeking benefits from an employer under the No–Fault Act. The *McCrae* court stated:

Although workers' compensation benefits are generally an employee's sole and exclusive remedy against an employer pursuant to D.C.Code § 36–304, the Court is persuaded that the City Council, by enacting the No–Fault Act after enacting the Workers' Compensation Act, intended that an employee injured in the course of his employment, while in a motor vehicle provided by his employer,

receive PIP [personal injury protection] benefits. The statute gives no indication that an employee of WMATA is exempt from this rule.

*Id.* at 655–56 n. 5. That Holmes herein seeks uninsured motorist, rather than personal injury protection, benefits pursuant to the No–Fault Act is immaterial. WMATA is the insurer responsible to provide such benefits to Holmes and Holmes may seek these benefits even though she has already received workers' compensation payments from WMATA.

■ Second, WMATA argues alternatively that even if Holmes may recover benefits from them under both the WCA and the No–Fault Act, the uninsured motorist benefits could be offset due to the employer's unqualified right of assignment and reimbursement against those benefits. It cites as authority for this argument *Lee v. District of Columbia*, 559 A.2d 308 (D.C. 1989), and § 36–335 of the WCA which reads in relevant part:

Acceptance of such compensation [under the WCA] ... shall operate as an assignment to the employer of all rights of the person entitled to compensation to recover damages against such third persons.

D.C.Code Ann. § 36–335 (1988).

In *Lee*, the plaintiff was an employee of the District of Columbia who was involved in an on-the-job automobile accident with a WMATA bus. Lee was paid Workers' Compensation benefits by its employer, the District. Lee then sued the tort-feasor, WMATA, under the No–Fault Act and received $150,000 in settlement from WMATA. The District of Columbia then demanded reimbursement for the workers' compensation benefits paid Lee. Lee maintained that his settlement with WMATA was only for non-economic losses and that since the Districts' workers' compensation benefits paid him only for economic losses, the District was not entitled to reimbursement of the money which it paid him. In rejecting Lee's argument, the District of Columbia Court of Appeals held that the

**2.** Although WMATA has not filed a Statement of Material Facts in Dispute in response to Holmes' Motion for Partial Summary Judgment, WMATA's pleadings raise the issue of whether the driver was in fact insured.

District had an unqualified right to reimbursement from Lee for all the compensation paid him regardless of the type of damages recovered. *Lee*, 559 A.2d at 311. In short, *Lee* recognized no distinction between economic and non-economic losses and held that the District was entitled to reimbursement from any type of funds which were received by plaintiff. In the instant case, WMATA argues that under *Lee*, WMATA is entitled to reimbursement of the workers' compensation benefits it gave to Holmes from any benefits which Holmes may be entitled to receive under the uninsured motorist provisions of the No-Fault Act.

Holmes concedes that the WCA and *Lee* allow the employer to be subrogated to the rights of the employee in damages against third-party tortfeasors, but argues that the WCA does not provide a similar right of subrogation against the uninsured motorist benefits an employee receives as a contractual right from an insurer. On this basis, Holmes attempts to distinguish *Lee* as non-controlling because the *Lee* court held that the compensation statute "creates an unqualified right of the District to reimbursement when another person has an established 'legal liability' to pay 'damages' ". *Lee*, 559 A.2d at 310. This Court is, thus, urged to recognize and apply a tort-contract distinction to the instant case.

The question is one of first impression for the District of Columbia. This Court agrees that the subrogation provisions of § 36-335 are inapplicable to the proceeds of an employee's uninsured motorist claim. Section 36-335(a) preserves to an employee an action against "some person" who "is liable for damages" on account of the employee's disability or death. Such a "third person" is amenable to suit by the employer, WMATA, by virtue of the subrogation principles of § 36-335(b). The "third person" refers to the third-party tortfeasor who is liable at common law. The crucial issue is whether the sums payable to Holmes as uninsured motorist benefits are damages under the WCA. The obligation of WMATA to provide uninsured motorist coverage is a contractual liability. Such payments are made pursuant to a contrac-

tual obligation and not in discharge of the tortfeasor's liability to the injured or damaged person. Therefore, such payments are not payments by one liable to pay damages to the injured party on account of the occurrence causing the injury, and thus they do not come within the provisions of § 36-335 giving to the employer subrogation rights against one liable to pay damages on account of the injury or death of the employee.

Determinations in other jurisdictions lend further support to a finding that under the WCA the employer's right of subrogation does not extend to uninsured motorist proceeds. Courts have almost unanimously held that an employer or compensation carrier that has paid workers' compensation benefits does not have a lien upon the proceeds of the employee's private uninsured motorist policy. *See* 2A Larson, Workmen's Compensation Law, § 71.23 and cases cited therein. Those courts have similarly interpreted the applicable workers' compensation laws to allow the employer to be subrogated only to the rights of the employee against third party tortfeasors and have reasoned that the employee's right to recover compensation from an uninsured motorist liability carrier was contractual. The language of the WCA is comparable to the statutory text at issue in many of those cases. *See, e.g., Janzen v. Land O'Lakes, Inc.*, 278 N.W.2d 67, 69 (Minn.1979) (statute allowed for offset of "damages", which court held did "not include contract liability based on uninsured motorist coverage"); *Horne v. Superior Life Insurance Company*, 203 Va. 282, 123 S.E.2d 401 (1962) (court held that under the statute, which allowed for assignment of right to recover "damages" from "any other party", uninsured motorist insurer was not "any other party").

That the instant case involves the employer's uninsured motorist coverage rather than a private automobile liability policy maintained by the employee does not alter the outcome. The insurance proceeds are not converted from contract payments to damages simply because Holmes is the intended beneficiary rather than the contract-

ing party. Uninsured motorist coverage remains a contractual liability regardless of who pays the premium. *See Cooper v. Younkin,* 339 N.W.2d 552 (Minn.1983); *Sunstate Equipment v. Indus. Com'n of Arizona,* 135 Ariz. 477, 662 P.2d 152 (1983).

In sum, both motions for summary judgment must be denied. Holmes' motion for partial summary judgment cannot be sustained because a genuine factual dispute exists regarding whether the adverse driver was in fact uninsured. The exclusive remedy provisions of the WCA, however, do not bar Holmes from seeking uninsured motorist benefits from WMATA. In addition, the WCA does not provide WMATA with a right of subrogation against any uninsured motorist benefits Holmes is entitled to receive. Accordingly, WMATA's cross motion for summary judgment must be denied also. Accordingly, it is hereby

ORDERED that plaintiff's motion for partial summary judgment is DENIED; it is further

ORDERED that defendant's cross motion for summary judgment is DENIED.