Donald LEE, et al., Appellants,

v.

Robert JONES, et al., Appellees.

No. 92–CV–372.

District of Columbia Court of Appeals.

Submitted Sept. 29, 1993.
Decided Oct. 25, 1993.

Nicholas S. Nunzio, Jr., Washington, DC, was on the brief for appellants.

Benjamin S. Vaughan, Rockville, MD, was on the brief for appellee Jones.

Edwin D. Scorza, Chevy Chase, MD, was on the brief for appellee Government Employees Ins. Co.

Before TERRY, FARRELL, and KING, Associate Judges.

KING, Associate Judge:

Appellants Donald Lee and Diann Montgomery, plaintiffs in the trial court, appeal the grant of summary judgment in favor of trial court defendants Robert Jones ("Jones") and Government Employees Insurance Company ("GEICO"). They contend that the trial court erred in granting summary judgment because: (1) the statutory personal injury protection ("PIP") provision requires a showing of "knowing, conscious and intelligent election of PIP benefits" by the injured person, in lieu of bringing suit for liability, which was a disputed material fact, and (2) appellants could maintain a breach of contract action against GEICO, under the uninsured motorist provision, even though they accepted the PIP benefits. We affirm.

## I.

Appellants, in Montgomery's vehicle, were injured on November 16, 1987, when their vehicle, which was stopped at a traffic signal, was struck in the rear by a car being operated by appellee Jones. Appellant Lee was in the driver's seat and appellant Montgomery was seated on the passenger side. Jones maintained that his vehicle, also stopped at the signal, had been forced into the rear of appellants' vehicle after an unidentified motorist struck the Jones vehicle in the rear. Both appellants sustained injuries.

Appellants sought the services of an attorney, James Fairbairn, to obtain compensa-

tion for the injuries sustained in the accident. GEICO, appellant Montgomery's auto insurer, provided PIP coverage for medical and rehabilitation expenses and lost wages. The policy also included uninsured motorist coverage as required by D.C.Code § 35–2106(f) (1993).

On November 27, 1987, GEICO sent separate PIP applications to Montgomery and Lee which contained a "No Fault Cover Letter" informing the applicants that under District of Columbia law a victim may choose either to recover under PIP or to pursue a liability claim. Appellants signed the PIP forms, which were then submitted to GEICO by attorney Fairbairn. In response, GEICO sent the PIP payments to Fairbairn, who in turn paid appellants.

On November 14, 1990, appellants filed a four-count complaint in Superior Court against Jones, GEICO, and Fairbairn. Appellants alleged that Jones caused their injuries through the negligent operation of his vehicle, that GEICO breached its contract by failing to pay uninsured motorist protection benefits, and that Fairbairn committed legal malpractice by failing to provide proper legal services.[1]

The trial court granted appellees' motions for summary judgment, ruling that appellants were "barred from bringing a lawsuit against defendant Robert Jones and defendant Geico...." On appeal, appellants maintain that the trial court erred in so ruling.

## II.

◼ A motion for summary judgment brings into question the legal sufficiency of a claim and, when "supported by verified pleadings, depositions, answers to interrogatories, ... may be used to test whether the party opposing the motion [has raised a triable issue of fact]." *Smith v. Washington*

---

1. While there is some dispute whether appellant Jones was represented by attorney Fairbairn, that question is not before the court. The claim against Fairbairn remained unresolved in the trial court after summary judgment was granted in favor of appellees Jones and GEICO. At the request of appellee Jones, the trial court directed

the entry of final judgment, pursuant to Super.Ct.Civ.R. 54(b), as to both Jones and GEICO. This appeal, pursuant to D.C.Code § 11–721(a)(1) (1989), followed. Since it is not before us, we take no position on the question of whether appellants' election of PIP benefits affected their right to bring an action against Fairbairn.

*Metro. Area Transit Auth.* ("WMATA"), 631 A.2d 387, 389–390 (D.C.1993) (citations omitted). "The requisite showing of a genuine issue for trial is predicated upon the existence of a legal theory which remains viable under the asserted version of the facts." *Id.* at 390 (citation and internal quotation omitted); Super.Ct.Civ.R. 56(c). Finally, in reviewing the grant of a summary judgment motion, this court conducts an independent review of the record and makes it own determination of whether the grant of the motion was warranted. *Monroe v. Foreman,* 540 A.2d 736, 739 (D.C.1988).

### III.

We begin our analysis with the applicable provisions of the Compulsory/No–Fault Motor Vehicle Insurance Act of the District of Columbia. Section 35–2105 outlines the procedures to be followed by both the victim of a motor vehicle accident and the insurer. Section 35–2105(d) requires the insurer to notify any identifiable victim of the 60–day election period; while § 35–2105(a) requires that the victim notify the insurance company, within 60 days of an accident, if the victim elects to receive compensation under the PIP provision set forth in Section 35–2104. Section 35–2105(b) explicitly limits the litigation rights of any victim choosing PIP coverage once that option is elected. It provides that:

(b) A victim who elects to receive personal injury protection benefits may maintain a civil action based on liability of another person only if:

(1) The injury directly results in substantial permanent scarring or disfigurement, substantial and medically demonstrable permanent impairment which has significantly affected the ability of · the victim to perform his or her professional activities or usual and customary daily activities, or a medically demonstrable impairment that prevents the victim from performing all or substantially all of the material acts and duties that constitute his or her usual and cus-

tomary daily activities for more than 180 continuous days; or

(2) The medical and rehabilitation expenses of a victim or work loss of a victim exceeds the amount of personal injury protection benefits available.

This language plainly states that, unless one of the two threshold requirements is met, a victim who opts to accept PIP benefits may not thereafter pursue any action premised on another person's liability. *See Thomas v. WMATA,* 270 U.S.App.D.C. 77, 78, 846 F.2d 1536, 1537 (1988) (No–Fault statute bars liability actions when PIP benefits are paid unless victim meets statutorily enumerated exceptions).

■ Appellants do not dispute that they recovered PIP compensation, nor do they assert that their injuries or expenses met either exception set forth above. Rather, they contend that the statutory language "elect" requires that the victim make a knowing, conscious and intelligent election to select PIP as a remedy that precludes other recovery. They also aver that when they agreed to accept PIP benefits, they did not intend to limit their right to file a civil action based on liability.

Appellants first argue that when a victim elects PIP benefits, that decision is open to collateral inquiry as to whether the election was knowing, intelligent, and conscious. We find nothing in the language of the statute, nor in the dictionary definition, to suggest that an election [2] connotes anything more than a choice. The facts of this case, moreover, even viewed most favorably to appellants, belie appellants' contentions. GEICO, in compliance with the applicable law, sent letters to both Montgomery and Lee explicitly stating that "[i]f personal injury protection benefits are *elected,* the victim loses the right to make a claim against all other parties on the basis of fault unless he or she has a substantial injury which falls within the definitions of such injury as set forth in Section 6 of the D.C. No–Fault Act" (emphasis added). We have held that "an insured has a duty to read an application which he signs ... [and]

**2.** One reference defines election as "[t]he act of choosing or selecting one or more from a greater number of ... things ... or rights. The choice of an alternative." BLACK'S LAW DICTIONARY 517 (6th ed. 1990).

is held to know the contents of his application and is bound thereby...." *Metropolitan Life Ins. Co. v. Johnson*, 363 A.2d 984, 988 (D.C.1976). Although technically Lee was not an "insured," we see no reason for not applying this rule to him since he was seeking benefits pursuant to an insurance contract. Further, Montgomery, and possibly Lee, sought the advice of counsel before signing the PIP forms supplied by GEICO. Finally, neither appellant claims that their decision to accept PIP benefits was induced by fraud, duress, coercion, or misrepresentation on the part of GEICO.

Under these circumstances, we know of no authority, and appellants have cited none to us, holding that the question of whether Montgomery and Lee understood the import of their action amounts to a genuine issue of material fact. Accordingly, we hold that the statute requires no more than what was afforded to appellants, and their election to receive PIP benefits bars them from maintaining a negligence action against Jones. Therefore, the trial court properly granted the motion since there was "no genuine issue of material fact," and appellee Jones was entitled to a judgment as a matter of law. *See* Super.Ct.Civ.R. 56(c).

### IV.

■ Appellants also contend that even if they are precluded from suing on the basis of the alleged liability of Jones in tort, they may still maintain an action against GEICO on a breach of contract theory. Appellants claim that GEICO breached its contract by "failing to pay uninsured motorist benefits as a result of the negligence and carelessness of an unidentified/phantom motor vehicle." Appellants maintain that § 35–2105 "only restricts tort liability—[that is] 'third party' liability—civil actions," and assert that their contract action is a "first party civil action." We reject that argument since, as we have already determined, the plain language of the statute clearly prohibits "civil action[s] based on the liability of another person...." In this case, appellants are asserting a cause of action against GEICO under the uninsured

motorist provision based on the liability of another person, i.e., the driver of the vehicle that allegedly struck Jones' vehicle from the rear. Such an action is directly barred by the language of the statute and therefore cannot be maintained. *See Thomas v. WMATA, supra*, 270 U.S.App.D.C. at 78, 846 F.2d at 1537 (finding that plaintiff who accepted PIP benefit, and did not meet statutory threshold requirement, was barred from recovery under uninsured motorist coverage).

■ Appellants claim, however, that the policy is ambiguous because the PIP No-Fault cover letter states that once PIP payments are accepted, the insured "loses the right to make a claim against all other parties on the basis of fault...." They contend that the word "fault" and the phrase "all other parties" are ambiguous and therefore extrinsic evidence is necessary to interpret GEICO's contract. We find no ambiguity since, in our view, both the information provided by GEICO to appellant and the insurance contract between Montgomery and GEICO are consistent with the statute,[3] and "summary judgment is appropriate where a contract is unambiguous since absent such ambiguity, a written contract duly signed and executed speaks for itself and binds the parties without the necessity of extrinsic evidence." *Holland v. Hannan*, 456 A.2d 807, 815 (D.C.1983) (citations omitted). Moreover, "[c]ontracts are not rendered ambiguous by the mere fact that the parties do not agree upon their proper construction." *Id.* (citation omitted).

We conclude that once appellants accepted the PIP benefits they forfeited their rights to recover under the uninsured motorist provision of Montgomery's insurance agreement with GEICO. Appellants were clearly and unequivocally informed by GEICO that acceptance of PIP benefits limited their right to make any other claim unless one of the listed exceptions was met. We conclude, therefore, that GEICO met all statutory requirements and, accordingly, is not required to provide any other compensation beyond

---

**3.** Moreover, even if the insurance policy could be construed as being ambiguous, any interpretation would yield to the plain meaning of the statute.

the PIP benefits that were paid. In sum, the trial court did not err in granting summary judgment as to that cause of action.

*Affirmed.*