507 P.2d 997

**ALLIED MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Hortencia L. LARRIVA, Appellee.**

**No. 2 CA–CIV 1298.**

Court of Appeals of Arziona, Division 2.

March 27, 1973.

Rehearing Denied April 25, 1973.

Review Denied May 22, 1973.

**386**

Lesher & Scruggs by D. Thompson Slutes, Tucson, for appellant.

Robertson, Molloy, Fickett & Jones by Michael J. Meehan, Tucson, for appellee.

HATHAWAY, Chief Judge.

The plaintiff-appellee brought this action to collect benefits under an automobile liability policy issued by the defendant-appellant to plaintiff's late husband who was killed in an accident caused by an uninsured motorist. The plaintiff sought the full amount ($10,000) of coverage under the uninsured motorist coverage in the policy.

The two main points of defense were (1) the policy does not provide coverage if it would inure to the benefit of any workmen's compensation carrier, and (2) the policy provides that any amount payable under the uninsured motorist coverage shall be reduced by the amount paid and the present value of all amounts payable under any workmen's compensation law.

The trial court found "that there is no applicable policy exclusion, or if there is, that the exclusion is void as against public policy." Judgment was thereupon entered against the defendant in the amount of $10,000 plus costs and interest. Defendant brings this appeal asking that we construe the two aformentioned policy provisions.

The case was submitted on the following stipulated facts. Alfred H. Larriva, while on the job for Tucson Gas & Electric Company on June 17, 1970, was killed when Ruby Sanborn, an uninsured motorist, ran a stop sign and collided with the decedent's truck. At the time, Mr. Larriva had an automobile liability policy with defendant which provided standard uninsured motorist coverage. Ruby Sanborn became liable to the plaintiff for damages in excess of $10,000.

The plaintiff received $6,942.59 from the state compensation fund because her husband had been killed while acting within the scope of his employment; monthly payments continued in the amount of $325.18. The state compensation fund waived all right to be reimbursed from the proceeds of the uninsured motorist policy, the policy having been paid for by the employee and not the employer.

Does the Exclusion Which Prevents Coverage Where Such Coverage Would Inure to the Benefit of a Workmen's Compensation Carrier Apply?

The compensation carrier is granted a lien on the amount collectible from a tortfeasor by A.R.S. § 23–1023, which provides:

"A. If an employee entitled to compensation under chapters 6 and 7 is injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in event of death his

dependents, may pursue his remedy against such other person.

\* \* \* \* \* \*

C. If he proceeds against such other person, compensation and medical, surgical and hospital benefits shall be paid as provided in chapters 6 and 7 and the insurance carrier or other person liable to pay the claim shall have a lien on the amount actually collectable *from such other person* to the extent of such compensation and medical, surgical and hospital benefits paid. \* \* \*" (Emphasis added)

Appellant reads the statute as granting a lien to the compensation carrier on any benefits which the injured party receives from any other source, to the extent of the compensation and medical benefits paid. Appellant is not supported in this position, even by its own cited authority. One case cited by appellant, Commissioners of State Ins. Fund v. Miller, 4 A.D.2d 481, 166 N. Y.S.2d 777 (1957), deals so well with the problem, albeit contra to appellant's position, that we quote:

"It does not appear, however, that the law gives the compensation carrier a lien on all recoveries an insured employee obtains from others, regardless of the source. Section 29(1) of the Workmen's Compensation Law provides that where an employee has been injured by the negligence or wrong of another, he may 'pursue his remedy against such other', with the compensation carrier being accorded a lien 'on the proceeds of any recovery from such other. . . .'

. . . Defendant's insurer cannot, however, be deemed the *alter ego* of the tort-feasor. It does not insure the tortfeasor against liability; it insures its policyholder against the risk of inadequate compensation for his compensable injuries.

. . . It has no right to expect an employee to supplement his common law remedies and the compensation carrier's statutory lien, by purchasing his own insurance. If the employee does choose to expend his own funds to provide additional protection for himself, whether by paying for an accident and health policy, or by having a Medical Payments or Uninsured Drivers Benefits clause added to his liability policy, the compensation carrier does not thereby acquire additional rights. It does not become a third-party beneficiary of the employee's insurance contract. Nor is it subrogated to the employee's contractual right if the employee fails to assert them." 166 N.Y.S. 2d at 778, 779.

This position is reinforced as follows:

"The liability of an insurer under the uninsured motorist provision is contractual, and accordingly the insured's employer is not subrogated to the rights of the insured in the policy under the Workmen's Compensation Act, which gives subrogation rights to the employer against a negligent third party to the extent of the compensation payments made." 12 Couch on Insurance 2d § 45:650 at 585 (1964).

*See also*: Transnational Ins. Co. v. Simmons, 19 Ariz.App. 354, 507 P.2d 693 (filed March 1973).

We are of the opinion that the state compensation fund is in no way subrogated to nor does it have a lien upon the uninsured motorist coverage.

Is the Provision Reducing Uninsured Motorist Coverage by the Amount of Workmen's Compensation Valid?

In Bacchus v. Farmers Ins. Group Exch., 106 Ariz. 280, 475 P.2d 264 (1970), our Supreme Court considered and disapproved of the reduction of uninsured motorist coverage by the amount of payments made under the Medical Payments Provision in the policy. The court stated:

"It is our opinion that in enacting § 20–259.01 A.R.S. it was the intent of the Legislature that each insured who availed himself of uninsured motorist

**388**

coverage ·would have available *not less than* $10,000 per person and $20,000 per occurrence. Any attempt, by contract or otherwise, to reduce any part of this amount is violative of the statute." 106 Ariz. at 283, 475 P.2d at 267.

■ The appellant contends that A.R.S. § 28–1170, subsec. E allows a liability policy to exclude coverage where workmen's compensation benefits are paid. The pertinent language of that statute provides:

> "The motor vehicle liability policy need not insure liability under any workmen's compensation law nor liability on account of bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of the motor vehicle nor liability for damage to property owned by, rented to, in charge of, or transported by the insured."

The statute contemplates a situation where an employer may be exposed to liability to an employee for an injury covered by workmen's compensation. There is no need that the employer provide duplicate protection, i. e., through workmen's compensation coverage and motorist liability coverage. We believe that the following language from *Bacchus* is also pertinent, and that A.R.S. § 28–1170, subsec. E is not applicable to the facts before us:

> "Permitting offsets *of any type* would allow insurers, by contract, to alter the provisions of the statute and to escape all or part of the liability with which the Legislature intended they should provide." (Emphasis added) 106 Ariz. at 282, 475 P.2d at 266.

■ For the foregoing reasons, we conclude that the provision reducing uninsured motorist coverage by the amount of workmen's compensation is invalid and is against the public policy of this state.

The judgment is affirmed.

KRUCKER, and HOWARD, JJ., concur.