523 P.2d 1324

**STATE FARM MUTUAL AUTOMOBILE IN-SURANCE COMPANY, an Illinois corporation, Appellant,**

v.

**Charles J. KARASEK, Appellee.**

**No. 1 CA–CIV 2121.**

Court of Appeals of Arizona,
Division 1,
Department B.

July 2, 1974.
Rehearing Denied Aug. 5, 1974.
Review Denied Sept. 24, 1974.

**88**

Lewis & Roca by D. W. Grainger, Mary M. Schroeder and Thomas C. Horne, Phoenix, for appellant.

Carmichael, McClue & Stephens, P. C. by M. Jeremy Toles and L. James Martin, Phoenix, for appellee.

HAIRE, Presiding Judge.

The question presented on this appeal is whether a policy owner's recovery under an uninsured motorist provision may be reduced by the amount of workmen's compensation benefits paid to the injured policy owner.

The plaintiff-appellee filed a declaratory judgment action against his insurer, State Farm seeking a judgment that he was entitled to compensation under the uninsured motorist provisions of his policy. He had been injured by an uninsured motorist while operating a motorcycle in the course and scope of his employment as a City of Phoenix patrolman. The policy against which recovery was sought was the plaintiff's personal policy, and not a policy obtained by his employer covering the motorcycle which plaintiff was operating in the scope of his employment as a law enforcement officer. It is admitted that the workmen's compensation benefits received by plaintiff as a result of his injuries have exceeded the $10,000 limit provided by his policy's uninsured motorist coverage.

The insurer based its claimed right to offset workmen's compensation benefits received by the plaintiff on the following policy provisions:

"LIMITS OF LIABILITY

\*  \*  \*  \*  \*  \*

"(b) Any amount payable under this coverage [including uninsured motorist coverage] because of *bodily injury* sustained in an accident by a person who is an *insured* under this coverage shall be reduced by:

\*  \*  \*  \*  \*  \*

"(2) The amount paid and the present value of all amounts payable on account of such *bodily injury* under any workmen's compensation law, disability benefits law or any similar law; . . . ." (Emphasis in original).

After the insurer's denial of plaintiff's claim, the plaintiff filed his declaratory judgment action and moved for summary judgment on the grounds that the above-quoted provision of the policy as applied to the circumstances of this case was void as against public policy. The trial judge granted plaintiff's motion for summary judgment, and the insurer has appealed, bringing the question of the validity of the policy's offset provision before this Court.

In evaluating the respective positions of the parties, we start from the premise that if we are governed by the clear and unambiguous terms of the policy, plaintiff cannot recover. Both parties recognize that fact. However, plaintiff contends that an insurer cannot, by provisions such as the workmen's compensation offset provision quoted above, reduce the mandatory uninsured motorist coverage required by A.R.S. § 20-259.01. That statute provides in pertinent part as follows:

"A: On and after January 1, 1966, no automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle, shall be delivered or issued for delivery in this state, with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in § 28-1142, . . . ." [1].

---

1. The A.R.S. § 28-1142 limits, as applied to the facts and at the time of the injury here involved, was $10,000.

In Bacchus v. Farmers Insurance Group Exchange, 106 ·Ariz. 280, 475 P.2d 264 (1970), the Arizona Supreme Court held that the provisions of A.R.S. § 20–259.01 nullified policy provisions which would have authorized the insurer to reduce the uninsured motorist coverage to the extent of payments made to its insured under the medical payments provision of the same policy, stating:

> "Permitting offsets of any type would allow insurers, by contract, to alter the provisions of the statute and to escape all or part of the liability which the Legislature intended they should provide.

> \*   \*   \*   \*   \*   \*

> By our statute, against financially irresponsible drivers a minimum coverage must be made available to insureds, not as a convenience but rather as a Legislatime mandate and in amounts of dollars and cents which leave nothing to the imagination of drafters of the insurance policies—$10,000 per person and $20,000 per occurrence. The fact that the motorist sees fit to clothe himself with other insurance protection and pays a premium therefor—such as medical payments—cannot alter the mandatory safeguards that the Legislature considers necessary for the well being of the citizen-drivers of our state.

> \*   \*   \*   \*   \*   \*

> "It is our opinion that in enacting § 20–259.01 A.R.S., it was the intent of the Legislature that each insured who availed himself of uninsured motorist coverage would have available *not less than* $10,000 per person and $20,000 per occurrence. Any attempt, by contract or otherwise, to reduce any part of this amount is violative of the statute." 106 Ariz. at 282, 283, 475 P.2d at 266. (Emphasis in original).

Although the holding in Bacchus would appear to be dispositive of the claimed right of offset for workmen's compensation benefits asserted here, the insurer contends that a different result is justified when the provisions of A.R.S. § 23–1023 C are considered.[2] The insurer argues that the provisions of § 23–1023 C giving the workmen's compensation insurance carrier a lien against amounts recovered by the injured workman from a negligent *third party,* evidence a clear legislative policy against allowing a double recovery to an injured workman receiving workmen's compensation benefits. In our opinion § 23–1023 C does not evidence such a legislative policy in an uninsured motorist situation where the workman himself has seen fit to buy his own uninsured motorist coverage. Rather, it appears to us that the policy evidenced by this statutory provision is one of subrogation for the protection of the workmen's compensation carrier—that carrier is allowed a lien " . . . on the amount actually collectible *from such other* person. . . . " (emphasis added). The uninsured motorist coverage proceeds here involved did not originate from premiums paid by such "other person", and therefore cannot in any way be considered as an amount collectible from such other person. The funds not having originated from "such other person", the workmen's compensation insurance carrier is not entitled to any part of the recovery, and the subrogation provisions of § 23–1023 C cannot be urged as mitigating against any "double recovery" to which plaintiff may be entitled by reason of his purchase of uninsured motorist coverage pursuant to the provisions of A.R.S. § 20–259.01.

      █ The insurer urges the provisions of A.R.S. § 28–1170 E as "still another indication of the legislative policy to prevent

---

2. A.R.S. § 23–1023 C, in pertinent part, provides as follows:
  "C. If he proceeds against such other person, compensation and medical, surgical and hospital benefits shall be paid as provided in chapters 6 and 7 and the insurance carrier or other person liable to pay the claim shall have a lien on the amount actually collectable from such other person to the extent of such compensation and medical, surgical and hospital benefits paid. This lien shall not be subject to a collection fee."

double payments".[3] Again we must disagree with the insured's interpretation of the policy indicated by this legislative enactment, § 28-1170 E is a part of the statutory scheme relating to the mandatory liability coverage required under the Arizona Safety Responsibility Act, and its obvious purpose is to allow a policyholder to avoid a situation where he might be required to purchase the same liability coverage from two different carriers, that is, his workmen's compensation insurance carrier and his motor vehicle liability carrier. By reason of the exemption provisions of A.R.S. § 28-1170 E this requirement is avoided. We see nothing in § 28-1170E which necessarily indicates a legislative policy against an insured purchasing insurance providing protection against his own bodily injuries, which would be in addition to any recovery which might be available to him under the workmen's compensation laws.

Summarizing the foregoing discussion concerning the applicability of §§ 23-1023 C and 28-1170 E, we do not find any indication of legislative intent which would justify a differentiation between the offset provision here involved and the medical payment offset provision which was disapproved in Bacchus, *supra*. Were we not bound by the legal principles enunciated by the Arizona Supreme Court in Bacchus, we might reach a contrary result, based upon traditional contract law. However, we are bound by Arizona Supreme Court decisions, and in our opinion Bacchus requires that the offset provision here involved be declared void as contrary to the provisions of A.R.S. § 20-259.01.

Additional support for the conclusion we have reached above is found in Allied Mutual Insurance Co. v. Larriva, 19 Ariz.App. 385, 507 P.2d 997 (1973), a decision of Division 2 of this Court which was filed after the submission of briefs in this matter.

The question before Division 2 was substantially identical to the question presented in this appeal. Although the arguments presented by the insurer before Division 2 in support of the validity of the workmen's compensation offset provision were slightly different from those presented herein, they were essentially bottomed on the same premise—that when workmen's compensation offset provisions are involved, A.R.S. §§ 23-1023 C and 28-1170 E justified a departure from the principles set forth in Bacchus, *supra*, regarding medical payment offsets. Division 2 rejected these contentions and concluded that the provision reducing uninsured motorist's coverage by the amount of workmen's compensation benefits was invalid.

The judgment is affirmed.

EUBANK, J., and JACOBSON, C. J., Division 1, concur.

---

3.  A.R.S. § 28-1170 E provides as follows:
    "E. The motor vehicle liability policy need not insure liability under any workmen's compensation law nor liability on account of bodily injury to or death of an employee of the insured while engaged in the employment,

other than domestic, of the insured, or while engaged in the operation, maintenance or repair of the motor vehicle nor liability for damage to property owned by, rented to, in charge of, or transported by the insured."