539 P.2d 902

**Robert E. SHAFFER, Appellant,**

v.

**SOUTHERN UNION GAS CO., INC., a Delaware Corporation, United States Fidelity and Guaranty Co., a corporation, Appellees.**

**No. 11711.**

Supreme Court of Arizona,

In Banc.

Sept. 3, 1975.

George M. Ireland, Prescott, for appellant.

Favour & Quail by John M. Favour, Prescott, for appellees.

CAMERON, Chief Justice.

This case is an appeal by the plaintiff, Robert E. Shaffer, from the granting of defense motions for judgment on the pleadings pursuant to Rule 12(c) of the Rules of Civil Procedure, 16 A.R.S.

We must consider on appeal whether an additional insured is bound by the actions of the named insured in rejecting uninsured motorist coverage in an automobile liability policy.

The facts necessary for a determination of this case are as follows. Appellant was an employee of Southern Union Gas Company. In November of 1968, while Shaffer was engaged in company business driving a Southern Union Gas vehicle, he was involved in an automobile accident with an uninsured motorist. The co-appellee, United States Fidelity and Guaranty Company, insured Southern Union Gas Company for automobile liability. The uninsured motorist statute in force at the time of the accident in 1968 read as follows:

"20-259.01. *Coverage to include protection from operators of uninsured motor vehicles; right of rejection; supplemental or renewal policy*

"On and after January 1, 1966, no automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle, shall be delivered or issued for delivery in this

state, with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in section 28–1142, under provisions filed with and approved by the insurance director, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. *This coverage shall at the time the policy is issued be called to the attention of the named insured who shall have the right to reject such coverage. Unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer.*" (Emphasis added)

Southern Union Gas, in contracting with United States Fidelity and Guaranty Company for insurance, rejected uninsured motorist coverage.

Under the terms of the policy, Southern Union Gas was the "named insured" and there is no question that under the statute it could reject uninsured motorist coverage as it did in the instant case. Under the provisions of Arizona's "omnibus clause," A.R.S. § 28–1170(B)(2), which is a part of every insurance policy, *Jenkins v. Mayflower*, 93 Ariz. 287, 380 P.2d 145 (1963), Shaffer was an "insured" and was covered by the policy. Appellant contends that he was a named insured and therefore entitled to reject the uninsured coverage himself. We do not agree. Both by the definition in the policy and by our statute, as well as the custom and usage in the insurance business, there is a difference between the terms "named insured" and "insured":

"In the absence of eccentricities of form, it is clear that an omnibus clause creates liability insurance in favor of one, other than the named insured, answering the description of persons therein contained.

Such a person other than the named insured, while using the motor vehicle for the purposes for which it is insured and within the scope of the permission granted, becomes an 'additional insured' by virtue of the omnibus clause the same as if he were named as an insured in the policy. Upon the happening of an accident while the insured motor vehicle is being operated by a qualified additional insured with the permission of the owner, the insurance becomes as to him an independent liability—that is, independent of the insurer's responsibility to the named insured; and the rights of the injured person are the same as if the operator had been a named insured." 7 Am. Jur.2d 422, § 110.

It is noted that in 1970 and again in 1972 the legislature amended the statute so that now uninsured motorist coverage is a part of every liability policy and may not be waived. At the time of the accident in this case, however, uninsured motorist coverage could be and was waived.

Although there appears to be some respectable authority to the contrary, see *State Farm v. Reaves* (Ala.), 292 Ala. 218, 292 So.2d 95 (1974), *Southeast Title and Insurance Co. v. Thompson* (Fla.App.), 224 So.2d 718 (1969) and *Kohly v. Royal Indemnity Co.* (Fla.App.), 190 So.2d 819 (1966), we do not believe that our legislature intended by the 1965 statute to give an additional insured the right to accept or reject uninsured motorist coverage when he did not pay the premium or contract for the coverage. Neither do we find it necessary, as appellant urges, that the named insured must notify each and every potential additional insured that the named insured has rejected uninsured motorist coverage before allowing an additional insured to drive or be a passenger in the named insured's automobile. Our Court of Appeals has stated:

"We have stated that out uninsured motorist statute, A.R.S. § 20.259.01, is a strongly worded statutory mandate, to be liberally construed in accordance with its remedial purposes. *See Geyer v. Re-*

*serve Insurance Company*, 8 Ariz.App. 464, 447 P.2d 556, 559 (1968), and cases cited therein. We are not at liberty, however, to find uninsured motorist coverage where it is neither provided in the policy under consideration nor demanded by statute." *Reserve Insurance Company v. Staats*, 9 Ariz.App. 410, 413, 453 P.2d 239, 242 (1969).

See also *Allied Mutual Insurance Company v. Larriva*, 19 Ariz.App. 385, 507 P.2d 997 (1973) in which the Court of Appeals considered the relationship of an injured employee with his own uninsured motorist coverage and workman's compensation coverage.

Under the statute in existence at the time of the accident the one who was the named insured had the right to select or reject coverage on behalf of himself and his insured, and we believe that Southern Union Gas validly waived uninsured motorist coverage on its employee Shaffer.

Judgment affirmed.

STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.

LOCKWOOD, J., did not participate in the determination of this matter.