662 P.2d 152

**SUNSTATE EQUIPMENT CORPORATION, Petitioner Employer,**

**State Compensation Fund, Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**George E. McClellan, Respondent Employee.**

**No. 1 CA-IC 2782.**

Court of Appeals of Arizona, Division 1, Department C.

Feb. 17, 1983.

Rehearing Denied Mar. 30, 1983.

Review Denied Apr. 26, 1983.

Robert K. Park, Chief Counsel, State Compensation Fund by John R. Greer, Phoenix, for petitioners employer and carrier.

James A. Overholt, Acting Chief Counsel, the Indus. Com'n of Arizona, Phoenix, for respondent.

Neal S. Sundeen, P.C. by Neal S. Sundeen, Phoenix, for respondent employee.

OPINION

CONTRERAS, Judge.

In this special action review of an Industrial Commission award, one legal issue is presented: whether A.R.S. § 23–1023(C) provides a workers' compensation carrier with a lien on the employer's uninsured motorist coverage paid to an employee injured at work. We hold that the statute does not provide the compensation carrier with such a lien and therefore affirm the award.

The parties stipulated to the facts, which we summarize. The respondent employee (employee), while driving his employer's automobile in the course and scope of his employment, was injured in an accident caused by an uninsured motorist. The employer carried workers' compensation coverage with the petitioner carrier, and also carried uninsured motorist coverage with another carrier covering the automobile that the employee was driving. The employee received workers' compensation benefits of $1,130.30. He also received a recovery of $5,000.00 by reason of his employer's uninsured motorist coverage. It was further stipulated that unless the compensation carrier has a lien and is able to recover an amount equal to the benefits it has disbursed from the amount collected by the employee under the uninsured motorist provision of the employer's policy, the employer's loss ratio will be adversely affected and result in an increase in the premium rate the employer must pay for workers' compensation coverage, as well as decrease dividends otherwise payable to the employer.

The administrative law judge determined that the petitioning compensation carrier had no lien. The award was affirmed on administrative review and this special action followed. We first consider the statute involved.

A.R.S. § 23–1023 in relevant part provides:

A. If an employee entitled to compensation under this chapter is injured or killed by the negligence or wrong of another not in the same employ, such injured employee ... may *pursue his remedy against such other person.*

....

C. If he proceeds against such other person, compensation and medical, surgical and hospital benefits shall be paid as provided in this chapter and the insurance carrier ... liable to pay the claim shall have a lien *on the amount actually collectible from such other person* to the extent of such compensation and medical, surgical and hospital benefits paid.

(emphasis added).

Petitioners properly characterize the present case as one of original impression.

Prior cases involving the coordination of uninsured motorist insurance and workers' compensation centered on the validity of auto liability policy provisions setting off workers' compensation payments against the employee's uninsured motorist coverage. *See State Farm Mut. Auto. Ins. Co. v. Karasek,* 22 Ariz.App. 87, 523 P.2d 1324 (1974) (in which Division One held that a policy provision reducing an employee's uninsured motorist coverage by the amount of workers' compensation benefits received was void); *see also Allied Mut. Ins. Co. v. Larriva,* 19 Ariz.App. 385, 507 P.2d 997 (1973) (in which Division Two held that (1) a policy provision reducing an employee's uninsured motorist coverage by the amount of workers' compensation benefits received was invalid and (2) that a policy provision denying uninsured motorist coverage which would inure to compensation carrier's benefit was inapplicable to employee's insurance). In contrast, in the present case, the compensation carrier claims a statutory right to a lien on the *employer's* uninsured motorist coverage paid to an employee injured at work.

These distinctions are relevant. An employer's auto liability policy need not cover an employee injured at work. *See* A.R.S. § 28–1170(E). This elimination of double coverage applies to uninsured motorist insurance. *See State Farm Mut. Auto. Ins. Co.,* 22 Ariz.App. at 90, 523 P.2d at 1327 (dictum); *Allied Mut. Ins. Co.,* 19 Ariz.App. at 388, 507 P.2d at 1000 (dictum). It is our opinion that because the present case involves a statutory lien and not a contractual setoff, § 23–1023 determines whether the compensation carrier has a lien.

■ Our interpretation of the subject statute is predicated upon the basic principle of statutory construction that a statute which is unambiguous should be interpreted to mean what it plainly states unless an

absurdity results. *E.g., Balestrieri v. Hartford Accident & Indem. Ins. Co.,* 112 Ariz. 160, 540 P.2d 126 (1975). Subsection 23–1023(A) permits an injured employee to pursue his remedy against a tort-feasor (termed in the statute "such other person"). An employee's recovery by reason of uninsured coverage is not an amount collectible from the tort-feasor (i.e., "such other person"). As previously stated, this has clearly been determined with respect to uninsured motorist coverage contained in an employee's automobile liability policy. *See State Farm Mut. Auto. Ins. Co.,* 22 Ariz.App. at 89, 523 P.2d at 1326; *Allied Mut. Ins. Co.,* 19 Ariz.App. at 387, 507 P.2d at 999. In view of the clear and unambiguous language of the statute, we believe it is also true with respect to uninsured motorist coverage contained in an employer's automobile liability policy.

Despite what we consider to be the plain meaning of the statute, the petitioners argue that the payment to the injured employee under the employer's uninsured motorist coverage is a double recovery which is inconsistent with A.R.S. § 23–1023. Although the petitioners concede that the employee's uninsured motorist coverage is not a double recovery when he has paid for the insurance, *see State Farm Mut. Auto. Ins. Co.,* 22 Ariz.App. at 89, 523 P.2d at 1326; *accord* 2A A. Larson, The Law of Workmen's Compensation § 71.23(i) (1982),[1] they assert that because we are here concerned with the employer's uninsured motorist coverage, there is a double recovery because it is a "windfall" for the employee. *See Montedoro v. City of Asbury Park,* 174 N.J.Super. 305, 416 A.2d 433 (1980).

While we acknowledge that by disallowing a lien there may well result a double recovery for an employee and increased premiums for the employer, we are of the firm opinion that whether the employee receives

---

1. However, Professor Larson expressly recognizes the distinction between "employee" and "employer" secured uninsured motorist coverage:

> When it is the employer's uninsured motorist policy that is involved, one of the strongest arguments against any lien or offset disappears—the argument that the employee should not be deprived of the benefits of a privately-purchased insurance contract that he has paid for himself. 2A A. Larson, The Law of Workmen's Compensation, § 71.23(i), pp. 14–36 (1982).

a "double recovery" is legally immaterial. Under the clear and unambiguous language of A.R.S. § 23–1023(C), no lien attaches to proceeds received by reason of uninsured motorist coverage, regardless of who pays the premium for such coverage.

The award is affirmed.

JACOBSON and BROOKS, JJ., concur.