828 P.2d 1262

**Melissa ALCALA, Plaintiff/Appellant,**

v.

**MID–CENTURY INSURANCE CO., a corporation, Defendant/Appellee.**

**No. 2 CA–CV 91–0227.**

Court of Appeals of Arizona, Division 2, Department B.

April 7, 1992.

Ettinger & Bevans by Jack A. Ettinger, Tucson, for plaintiff/appellant..

Chandler, Tullar, Udall & Redhair by D.B. Udall, Tucson, for defendant/appellee.

## OPINION

HATHAWAY, Judge.

This appeal is taken from a declaratory judgment that appellant Alcala was not an "insured person" under an automobile insurance policy. The material facts are not in dispute. Appellant was injured as a result of an accident between an automobile and a motorcycle on which she was riding as a passenger. The motorcycle was operated by Leo Salazar, the automobile by Herman Smith. Smith's negligence was the sole cause of the accident.

Salazar did not own the motorcycle which he and appellant were riding. The motorcycle was owned by David Chavez. It was not insured under any type of insurance policy. Salazar did have an automobile insurance policy on his own vehicle issued by appellee. This policy included underinsured motorist (UIM) coverage in the amount of $15,000.

Appellant's damages from the accident exceeded $45,000. Smith's insurance carrier has paid her the policy limits of $15,000. Her own insurance carrier has also paid her $15,000, under the UIM provision of her policy. Appellee has refused to pay under the Salazar policy claiming that appellant is not an "insured person" covered by the UIM provision of its policy.

Appellant raises two issues on appeal: (1) the "insured person" limitation on appellee's UIM coverage is void on public policy grounds; and, (2) the doctrine of reasonable expectations precludes enforcement of appellee's "insured person" limitation on its UIM coverage. We affirm.

■ The policy in question contains the following provisions:

We will pay an *insured person* for unpaid damages resulting from a motor vehicle accident where the amount the insured person is legally entitled to recover against the owner of the underinsured motor vehicle exceeds such owner's bodily injury policy limit.

(Emphasis added)

Insured person means:

A. You or a family member.

B. Any other person while occupying your insured car.

Family member means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.

Your insured car means:

The vehicle described in the Declarations of this policy and any private passenger car or utility car with which you replace it.

Appellant first argues that the "insured person" definition in appellee's policy violates public policy. She quotes from *Rashid v. State Farm Mut. Auto. Ins. Co.*, 163 Ariz. 270, 275, 787 P.2d 1066, 1071 (1990), where the Arizona Supreme Court stated:

The UM and UIM statutes do not contain exceptions for the myriad of fine print exclusions, exceptions, excess and escape provisions that in previous years provided opportunities for both the finely sharpened quill of the ingenious draftsman and the skill of the adroit litigator. The message we read in the statute, and the public policy that underlies it, is simply that each insurer must provide each insured with coverage in the manner and amount required in the statute ... In this Court's view, the exceptions permitted are those allowed by the statutes, not those insurers may put in the policy.

She argues that the only exceptions provided for in the statute are for public, livery, rental and commercial transportation vehicles. A.R.S. § 20–259.01(D). She, therefore, claims that appellee's definition of "insured person" must fail as it is not provided for by statute.

This argument misconstrues the supreme court's holding in *Rashid* and other cases dealing with insurance policy exclusions. The term "insured person" has meant the person insured under the policy in question. If appellant had been a passenger in a vehicle insured by appellee, then she would be covered. With regard to both UM and UIM coverage, the provisions of which are basically identical, A.I. Widiss, Uninsured and Underinsured Motorist Insurance § 33.1 (2d ed. 1990), coverage is afforded to strangers to the policy only when they occupy an insured vehicle. Id. at §§ 4.1, 4.2, 33.7.

Appellant argues that the wording of the insurance policy acts to exclude her from coverage, which violates public policy. We do not agree that the policy excludes her,

she was never included when riding on a motorcycle not insured under the policy. She is simply not an insured person under the terms of the policy.

■ We believe the Illinois Supreme Court correctly expressed the relationship between the "insureds" and public policy dealing with exclusions from coverage. Neither the statute nor the case law

places any restriction on the right of the parties to an insurance contract to agree on which persons are to be the "insureds" under an automobile insurance policy. It is only after the parties designate the "insureds" that the statute and case law become applicable and prohibit an insurance company from either directly or indirectly denying ... coverage to an "insured."

*Heritage Ins. Co. of America v. Phelan*, 59 Ill.2d 389, 395, 321 N.E.2d 257, 260 (1974).

In a case dealing with uninsured motorist coverage, we have previously held that an insurance policy can define who will be an insured under the policy and under what circumstances coverage will be provided. *Reserve Ins. Co. v. Staats*, 9 Ariz.App. 410, 414, 453 P.2d 239, 243 (1969). Similarly, in *Thompson v. United Services Auto. Ass'n*, 597 S.W.2d 510 (Tex.Civ.App.1980), the claimant was a passenger in an automobile not insured under the policy. She was not a named insured or related to the named insured. She made a claim against the named insured's policy because the driver of her vehicle was the named insured's son who was covered by the policy. The court rejected her claim as she was not covered under the terms of the policy.

■ Appellant also argues that she somehow had a reasonable expectation that she would be covered under appellee's policy. She argues that because she is not the named insured or a relative of Salazar, and the accident was not in Salazar's insured car, she "fortuitously for appellee" falls through the cracks in the specific wording of appellee's UIM coverage. She claims

she is thus denied the coverage that appellee's UIM policy purports to provide.

Appellant had nothing to do with the purchase of the policy in question. She never had an insurable interest or expectancy under the policy. No coverage has been taken from her that she was entitled to receive. The doctrine of reasonable expectations does not apply to her.

Appellee's request for attorney's fees on appeal is denied.

Affirmed.

FERNANDEZ, P.J., and DRUKE, J., concur.