912 P.2d 1354

**FARMERS INSURANCE COMPANY OF ARIZONA, an Arizona corporation, Plaintiff/Appellee,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant/Appellant.**

No. 2CA–CV 95–0226.

Court of Appeals of Arizona, Division 2, Department A.

Oct. 24, 1995.

Review Denied March 19, 1996.

Burrell, Seletos & Tinsley by Ernest D. Tinsley, Phoenix, for Plaintiff/Appellee.

Teilborg, Sanders & Parks, P.C. by Steven Plitt, Brian Cieniawski and Valerie Fasolo, Phoenix, for Defendant/Appellant.

## OPINION

FERNANDEZ, Judge.

This appeal arises from an action for declaratory relief in which the trial court, upon cross-motions for summary judgment, entered judgment in favor of appellee Farmers Insurance Company of Arizona (Farmers). Appellant United States Fidelity and Guaranty Company (USF & G) asserts that the trial court erred in concluding that its insurance contract with Midway Chevrolet (Midway) provided uninsured motorist (UM) coverage with a limit of $500,000 for a Midway employee and in awarding attorney's fees to Farmers. We affirm.

## FACTS

On July 9, 1990, while driving a customer's car in the course and scope of his employment, a Midway employee was injured in an accident caused by an uninsured motorist. Farmers insured the customer's vehicle under a policy which had $50,000 UM policy limits. The employee tendered his claim to USF & G. The claim was denied based on an assertion that the USF & G policy did not provide coverage for the UM claim. After USF & G denied coverage, Farmers paid its policy limits and brought the instant action.

USF & G conceded that its policy would have covered third party liability claims based on the employee's negligence in the course and scope of his employment, whether or not the employee was driving a vehicle owned by Midway, and that such coverage would have been primary. Because the poli-

cy expressly provided UM coverage with $500,000 limits for "owned autos only," however, and because workers' compensation benefits were available to Midway's employees at the time of the accident, USF & G argued that its policy provided no UM coverage to the employee for this particular accident. Similarly, USF & G contended that since the employee was a "class II" (or omnibus) insured, he was protected by the policy's UM coverage only if he was occupying a vehicle owned by Midway, the named insured.

The trial court concluded as a matter of law that, pursuant to the mandate of A.R.S. § 20–259.01(A),[1] USF & G was required to provide UM coverage with policy limits equal to the liability limits contained in the policy. It further found A.R.S. § 28–1170(E) inapplicable.[2]

## UNINSURED MOTORIST COVERAGE

In reviewing the grant of summary judgment, we must determine if a genuine issue of material fact exists and, if not, whether the trial court correctly applied the substantive law. *Matter of Estate of Johnson*, 168 Ariz. 108, 811 P.2d 360 (App.1991). This court views the evidence in the light most favorable to the party opposing the motion, and all favorable inferences arising from the evidence must be given to the opposing party. *Hill–Shafer Partnership v. Chilson Family Trust*, 165 Ariz. 469, 799 P.2d 810 (1990).

■ USF & G argues that the trial court erred in holding that it was required to pro-

---

1. A.R.S. § 20–259.01(A), in effect at the time, and applicable to this matter, provided in pertinent part:

    A. No ... policy ... shall be ... issued ... unless coverage is provided ... in limits for bodily injury ... prescribed in subsection B ... but not less than the limits prescribed in § 28–1102 ... for the protection of persons insured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles....

2. A.R.S. § 28–1170(E) provides the following:

    E. The motor vehicle liability policy need not insure liability under any workers' com-

pensation law nor liability on account of bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of the motor vehicle nor liability for damage to property owned by, rented to, in charge of or transported by the insured nor liability for damage to property or bodily injury caused intentionally by or at the direction of the insured.

vide UM coverage coextensive with motor vehicle liability coverage in the comprehensive general liability insurance policy it issued to Midway under the circumstances of this case. It contends that such coverage was non-mandatory under A.R.S. § 28–1170(E) because Midway's employees were covered by workers' compensation insurance. Its argument implies that A.R.S. § 28–1170(E) must be construed *in pari materia* with A.R.S. § 20–259.01.

USF & G cites *Sunstate Equipment Corp. v. Indus. Comm'n of Arizona*, 135 Ariz. 477, 662 P.2d 152 (App.1983) in support of its contention that "[a]n employer's auto liability policy need not cover an employee injured at work." *Id.* at 479, 662 P.2d at 154.[3] Although A.R.S. § 28–1170(E) and *Sunstate* stand for the proposition that an employer is not mandated to provide its employees duplicate liability coverage for injuries received on the job, A.R.S. § 28–1170(E) is inapplicable to this case.

As the supreme court noted in *Employers Mut. Casualty Co. v. McKeon*, 159 Ariz. 111, 114, 765 P.2d 513, 516 (1988), the Arizona Uniform Motor Vehicle Safety Responsibility Act (the Act), A.R.S. §§ 28–1101 to –1225, and the Uninsured Motorist Act (the UMA), A.R.S. § 20–259.01, were "enacted at different times to protect different interests." A.R.S. § 28–1170(E) was enacted by the legislature in 1951. *See* 1951 Ariz.Sess.Laws ch. 122, § 21. In 1972 the legislature amended the UMA, initially enacted in 1965, adding what is now A.R.S. § 20–259.01(D).[4] That subsection expressly provides the exceptions to the UMA intended by the legislature. Enumerated exceptions written into a statute create a strong inference that the legislature intended no others. *Id.* at 113, 765 P.2d at 515. A.R.S. § 28–1170(E) cannot be read to provide an exception to the mandated UM

coverage as set forth in A.R.S. § 20–259.01(A) because the legislature neither included nor cross-referenced this exception when it amended the UMA to include specific exceptions. Accordingly, we decline USF & G's invitation to find that A.R.S. § 28–1170(E) creates another exception. Any such change or exception to the requirements of § 20–259.01 should be addressed by the legislature, not the courts.

██ USF & G contends that the employee was not entitled to UM coverage in this particular case and that Midway was allowed to limit the scope of UM coverage applicable to him because he was not a named insured under the policy. It further asserts that its named insured, Midway, had the right to elect UM coverage for "owned autos only," as it did here. We disagree.

USF & G conceded, as it must, that Midway's employees had liability coverage for any accidents in the course and scope of their employment, whether or not driving a vehicle owned by Midway. Thus, so long as an employee was acting in the course and scope of his employment, he was a "person insured" under the policy's liability coverage and, we believe, for purposes of A.R.S. § 20–259.01(A) as well. Since USF & G's policy provided liability coverage for "any auto," it was in contravention of public policy for the insurance policy to extend less inclusive UM coverage "for the protection of persons insured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles," § 20–259.01(A). *Cf. Calvert v. Farmers Insurance Co.*, 144 Ariz. 291, 697 P.2d 684 (1985) (exclusion denying UM coverage to a named insured injured by an uninsured motorist while the insured was occupying a vehicle owned by the insured but not listed in the policy is invalid as contrary

---

**3.** USF & G also relies on a statement in *Sunstate* that the elimination of double coverage under A.R.S. § 28–1170(E) "applies to uninsured motorist insurance." *Sunstate*, 135 Ariz. at 479, 662 P.2d at 154. That statement was pure *dicta* and unsupported by any authority or discussion. Moreover, the injured employee in *Sunstate* was allowed to recover both workers' compensation and UM benefits under his employer's policy, the

only issue being whether the workers' compensation carrier could assert a lien on the UM benefits paid to the employee injured at work.

**4.** This subsection was enacted by the legislature as A.R.S. § 20–259.01(C), *see* 1972 Ariz.Sess. Laws ch. 157, § 1.

to coverage mandated by § 20–259.01); *Rau v. Liberty Mut. Ins. Co.*, 21 Wash.App. 326, 329, 585 P.2d 157, 159 (1978) ("once it is determined that a person is insured under the liability section of the policy, that person is also entitled to be considered as an insured under the uninsured motorist endorsement of the policy").[5]

USF & G argues that even if there is UM coverage, the affidavits of Midway's president and its insurance agent are dispositive on the issue of the parties' intent to provide the statutory minimum coverage limits. These post-accident affidavits cannot now change what is revealed in the declarations page of the USF & G policy which shows that the named insured elected to purchase UM coverage for "owned autos only" with policy limits of $500,000. That we find UM coverage was statutorily mandated for any auto for which liability coverage was issued does not now permit Midway an opportunity to elect new policy limits. We find no error.

### ATTORNEY'S FEES AWARD

USF & G contends that Farmers was not entitled to an award of attorney's fees, while acknowledging such an award is discretionary pursuant to A.R.S. § 12–341.01. Its contention is meritless and we find no abuse of discretion.

Farmers will be awarded its attorney's fees on appeal upon compliance with Rule 21(c), Ariz.R.Civ.App.P., 17B A.R.S.

LIVERMORE, P.J., and PELANDER, J., concur.

**5.** *See also* 1 Alan I. Widiss, *Uninsured & Underinsured Motorist Insurance* § 2.8, at 38 (1990) ("Courts in several states have concluded that—in accordance with this statutory provision—the persons who *must* be insured by the uninsured motorist insurance are those who comprise the class described by the phrase 'for the protection of persons insured thereunder' and therefore the terms of the liability coverage are to be employed to determine who is insured for purposes of the uninsured motorist coverage. In other words, although the uninsured motorist insurance may define insureds so as to provide coverage for persons who would not be covered by the associated liability insurance coverage, the uninsured motorist coverage must protect all classes of persons who are protected by the liability coverage.").