924 P.2d 111

**AMERICAN STATES INSURANCE COMPANY, an Indiana corporation, Plaintiff–Appellee,**

v.

**C & G CONTRACTING, INC., an Arizona corporation; James R. Chambers, Jr. and Helen Chambers, husband and wife, Defendants–Appellants.**

**No. 1 CA–CV 95–0154.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 10, 1996.

Mariscal, Weeks, McIntyre & Friedlander, P.A. by Leslie A. Kresin and Gerald K. Gaffaney, Phoenix, for Plaintiff–Appellee.

Kenneth L. Tucker & Associates by Daniel P.J. Miller and Kevin J. Tucker, Phoenix, for Defendants–Appellants.

## OPINION

NOYES, Judge.

A corporation was the named insured in a business auto policy. The corporation's president, part-owner and key employee claimed he was a "family member" of the corporation and therefore entitled to underinsured motorist benefits. The insurance company denied coverage, filed this declaratory judgment action, and received summary judgment. We affirm.

### I

James and Helen Chambers ("the Chambers") and C & G Contracting, Inc. ("C & G"), appeal from the grant of summary judgment to American States Insurance Company ("American States"). James Chambers was a co-founder and half-owner of C & G, a small company that did paving, grading, asphalt and concrete work. James was also the president and key employee of C & G: he did the estimating, bidding, engineering, and much of the driving. Helen did bookkeeping and administration, including obtaining insurance.

American States issued a business auto policy in which C & G was the only named insured. The policy declarations page stated: "This policy provides only those coverages shown below. Each of these coverages will apply only to those autos shown as covered autos." Coverages included $500,000 for single limit liability, uninsured motorist ("UM"), and underinsured motorist ("UIM"). The covered autos were five trucks.

James Chambers received an on-the-job injury while occupying a noncovered auto: he was a passenger in a vehicle that was owned by another contractor, driven by an employee of that other contractor—and rear-ended by a negligent driver. The Chambers recovered $50,000 from the negligent driver's liability insurance, $17,500 from the other contractor's UIM insurance, and $50,000 from the Chambers' personal UIM insurance. The Chambers then claimed UIM coverage on the C & G business auto policy.

American States denied the claim and filed this declaratory judgment action. The parties moved for summary judgment and the trial court decided that:

> The clear language of the business policy purchased by C & G Contracting, Inc. did not provide coverage under the circumstances in this case. There is no ambiguity regarding the language of the policy, or its endorsements which have been presented to the Court in the Statement of Facts.

Based on the clear language of the policy, the undisputed facts surrounding the accident in this case, and the absence of any persuasive public policy reason for rewriting this policy,

IT IS ORDERED granting [American States'] Motion for Summary Judgment.

The Chambers and C & G appealed. We have jurisdiction pursuant to A.R.S. section 12–2101(B) (1994).

## II

The facts are undisputed. Judgment turns on interpretation of an insurance contract, a matter of law which we review de novo. *Thomas v. Liberty Mut. Ins. Co.,* 173 Ariz. 322, 324, 842 P.2d 1335, 1337 (App.1993); *Valley Nat'l Bank v. Insurance Co. of N. America,* 172 Ariz. 212, 215, 836 P.2d 425, 428 (App.1992).

The Chambers have three main arguments: 1) As an officer, owner and key employee of C & G, James reasonably expected coverage; 2) the "family member" language is ambiguous and illusory and should be construed to provide coverage; and 3) limiting UIM coverage to covered autos violates public policy. The arguments overlap and so does our discussion of them.

### Ambiguous and Illusory

Page one, Part one of the C & G policy provides, in part, that: "The following words and phrases have special meaning throughout this policy and appear in **boldface type** when used: A. **"You"** and **"your"** mean the person or organization shown as the named insured in ITEM ONE of the declarations." The Chambers agree that C & G is the only "you" and "your" in this policy.

The UIM endorsement to the C & G policy provides, in part, that:

## A. WORDS AND PHRASES WITH SPECIAL MEANING

In addition to the WORDS AND PHRASES WITH SPECIAL MEANING in the policy, the following words and phrases have special meaning for UNDERINSURED MOTORISTS INSURANCE:

1.  **"Family member"** means a person related to **you** by blood, marriage or adoption who is a resident of **your** household, including a ward or foster child.

. . . .

## D. WHO IS INSURED

1.  **You** or any **family member**;
2.  Anyone else **occupying** a covered **auto** or a temporary substitute for a covered **auto**. . . .
3.  Anyone for damages he is entitled to recover because of **bodily injury** sustained by another **insured**.

The Chambers agree that subsections D.2. and D.3. above are inapplicable to their case. The Chambers contend that "family member" is ambiguous and illusory. We will assume, without disagreeing with the trial court's finding to the contrary, that "you or any family member" is ambiguous in a business auto policy when "you" is a corporation. The question then becomes whether that ambiguity results in coverage.

Many published opinions (none from Arizona) discuss the meaning, if any, of "family member" in a business auto policy. Most courts, like the trial court here, find that "family member" means nothing when "you" is a corporation, and they find no coverage on facts and language similar to what we have here. *See, e.g., Pearcy v. Travelers Indem. Co.,* 429 So.2d 1298, 1299 (Fla.App. 1983); *Economy Preferred Ins. v. Jersey County Constr.,* 246 Ill.App.3d 387, 186 Ill. Dec. 233, 236–37, 615 N.E.2d 1290, 1293–94 (1993); *Huebner v. MSI Ins. Co.,* 506 N.W.2d 438, 441 (Iowa 1993); *Sears v. Wilson,* 10 Kan.App.2d 494, 704 P.2d 389, 392 (1985); *Langer v. United States Fidelity & Guar. Co.,* 552 A.2d 20, 22 (Me.1988); *Cutter v. Maine Bonding & Casualty Co.,* 133 N.H. 569, 579 A.2d 804, 807 (1990); *Buckner v. Motor Vehicle Accident Indemnification Corp.,* 66 N.Y.2d 211, 495 N.Y.S.2d 952, 954, 486 N.E.2d 810, 812 (1985); *Dixon v. Gunter,* 636 S.W.2d 437, 441 (Tenn.App.1982). We agree with the results in those cases.

A few courts have found coverage based on alleged "family member" ambiguity in a corporation's business auto policy. *See, e.g.,*

*Hawkeye–Security Ins. Co. v. Lambrecht & Sons,* 852 P.2d 1317, 1319 (Colo.App.1993) ("family member" included wife of sole shareholder); *Ceci v. National Indem. Co.,* 225 Conn. 165, 622 A.2d 545, 550 (1993) ("family member" included corporate employee/brother of sole shareholder); *King v. Nationwide Ins. Co.,* 35 Ohio St.3d 208, 519 N.E.2d 1380, 1384 (1988) ("relatives living in household" of corporation included corporate employee); *Decker v. CNA Ins. Co.,* 66 Ohio App.3d 576, 585 N.E.2d 884, 888 (1990) ("family member" included corporate employee); *Grain Dealers Mut. Ins. Co. v. McKee,* 911 S.W.2d 775, 781 (Tex.App.1995) ("family member" included daughter of corporation's president and sole shareholder). (We do not include an unpublished case cited by the Chambers.) We will discuss and distinguish the minority-view cases.

*Hawkeye–Security* involved a "general automobile policy" that provided UM coverage only to the corporation, meaning that it was illusory coverage because a corporation cannot receive bodily injury. 852 P.2d at 1318–19. A premium having been paid for UM coverage, the court gave meaning to it by finding coverage for the wife of the corporation's sole stockholder. *Id.* at 1319. In the C & G policy, there is nothing illusory about UIM coverage: it is provided to anyone occupying a covered auto.

*Ceci* found "family member" coverage on facts rather similar to those here; the corporation was closely-held and the claimant was the brother of the sole shareholder. 622 A.2d at 547. The *Ceci* court acknowledged that "corporations do not have families," but it refused to find the "family member" language meaningless. *Id.* at 550. Instead, the court found that the insurance company could have and should have omitted "family member" language from the policy. *Id.* As if to inspire such omission in future policies, the court held, in essence, that "family member" meant "coverage" for the brother's injury. *See id.*

*Ceci* and other cases basing coverage on alleged "family member" ambiguity followed a more rigid rule of contract interpretation than that adopted by the Arizona Supreme Court. In Connecticut, "an ambiguous provi-

sion in an insurance policy will be construed to favor the insured." *Id.* at 548. In Texas, when ambiguity exists, courts "must adopt the construction that most favors the insured and must, as a matter of law, find in favor of coverage." *Grain Dealers,* 911 S.W.2d at 782. In Ohio, "ambiguous provisions [are] to be construed liberally in favor of the insured." *Decker,* 585 N.E.2d at 887. One limitation of such a rule of interpretation is that it can sometimes compel an absurd result, as pointed out by the concurring opinion in *Decker:* "I concur with the well-written opinion of the majority. That opinion comes to the only legal conclusion possible despite the absurdity of that conclusion from a common-sense viewpoint." *Id.* at 889 (Christley, P.J., concurring).

### Contract Interpretation

■ The Arizona Supreme Court has rejected the rule that a court must always construe an ambiguous provision against the insurer, and has made clear that "[w]e prefer to adopt a rule of common sense and have attempted to do so on numerous occasions." *State Farm Mut. Auto. Ins. Co. v. Wilson,* 162 Ariz. 251, 257, 782 P.2d 727, 733 (1989). "[W]hen a question of interpretation arises, we are not compelled in every case of apparent ambiguity to blindly follow the interpretation least favorable to the insurer." *Id.* "Thus, we reiterate, the rule in Arizona is that we construe a clause subject to different interpretations by examining the language of the clause, public policy considerations, and the purpose of the transaction as a whole." *Id.; see also Arizona Property & Casualty Ins. Guar. Fund v. Helme,* 153 Ariz. 129, 135, 735 P.2d 451, 457 (1987).

■ When the named insured is a corporation, the main purpose of a business auto policy is to insure the corporation from liability for losses caused by operation of its vehicles. A reasonably intelligent consumer knows that a corporation is a legal entity, an artificial person that can neither sustain "bodily injury" nor have a "family member" within the meaning of a business auto policy. In the C & G policy, the same page of the UIM endorsement which mentions "family member" defines it as "a person related to

you by blood, marriage or adoption who is a resident of your household, including a ward or foster child." We hold that, as a matter of common law and common sense, a reasonably intelligent consumer knows that he is neither related to a corporation by blood, marriage or adoption nor a resident of its household.

The Chambers argue that triable issues of fact exist regarding their "reasonable expectations"; we agree with the trial court that no such issues exist. The facts are undisputed, and the Chambers cannot prevail if Arizona law is properly applied to those facts. An Arizona court rewrites standardized insurance policy language only under the following limited circumstances:

1. Where the contract terms, although not ambiguous to the court, cannot be understood by the reasonably intelligent consumer who might check on his or her rights, the court will interpret them in light of the objective, reasonable expectations of the average insured;

2. Where the insured did not receive full and adequate notice of the term in question, and the provision is either unusual or unexpected, or one that emasculates apparent coverage;

3. Where some activity which can be reasonably attributed to the insurer would create an objective impression of coverage in the mind of a reasonable insured; [or]

4. Where some activity reasonably attributable to the insurer has induced a particular insured reasonably to believe that he has coverage, although such coverage is expressly and unambiguously denied by the policy.

*Gordinier v. Aetna Casualty & Sur. Co.,* 154 Ariz. 266, 272–73, 742 P.2d 277, 283–84 (1987) (citations omitted); *Averett v. Farmers Ins. Co.,* 177 Ariz. 531, 533, 869 P.2d 505, 507 (1994).

We have already discussed the first element and concluded that it is as apparent to the reasonably intelligent consumer as to this Court that James Chambers was not a "family member" of C & G. Notice of the coverage provided by the C & G policy is also not an issue here: the Chambers received and reviewed the C & G policy; the policy declarations and definitions are plain and simple;

and the Chambers do not claim an inability to understand the policy.

The Chambers try to fit within the third and fourth *Gordinier* elements. James said he believed he had "full coverage" for himself and his employees and that this belief was reinforced when American States, on several occasions, requested names, birth dates, and drivers' license numbers of C & G drivers, including himself. James claims he was shocked when American States denied coverage, and if he had known that UIM coverage applied only to covered autos, he would have taken steps to provide adequate coverage for himself and his employees. We respectfully conclude that these facts, when considered in light of the purpose and declarations of a corporation's business auto policy, would *not* create an objective impression in the mind of a reasonable insured that he was a "family member" of the corporation or otherwise "covered" by the policy while occupying a noncovered auto.

### Public Policy

The purpose of UIM coverage is to protect the insured from negligent, inadequately insured drivers. *See Wilson,* 162 Ariz. at 255, 782 P.2d at 731. The Chambers contend that if UIM coverage only exists while a person occupies a covered auto, it is not "portable" coverage as required by A.R.S. section 20–259.01 (Supp.1995). The Chambers are correct that UIM coverage follows the insured person, not the insured vehicle. *Higgins v. Fireman's Fund Ins. Co.,* 160 Ariz. 20, 23, 770 P.2d 324, 327 (1989) (holding that UIM coverage "covered the insured as well as the automobile" and voiding "other vehicle" exclusion as to UIM coverage).

Arizona has consistently rejected exclusions or limitations on an insured's UM and UIM coverage. *See Rashid v. State Farm Mut. Auto. Ins. Co.,* 163 Ariz. 270, 276, 787 P.2d 1066, 1072 (1990) ("other insurance" clause partially void as to UM coverage); *Brown v. State Farm Mut. Auto. Ins. Co.,* 163 Ariz. 323, 329, 788 P.2d 56, 62 (1989) (excess/escape clause and pro rata limit reduction clause void as to UIM coverage);

*State Farm Mut. Auto. Ins. Co. v. Duran,* 163 Ariz. 1, 4, 785 P.2d 570, 573 (1989) ("furnished for regular use" exclusion void as to UIM coverage); *Employers Mut. Casualty Co. v. McKeon,* 159 Ariz. 111, 115, 765 P.2d 513, 517 (1988) ("named driver" exclusion void as to UM coverage); *Arizona Property and Casualty Ins. Guar. Fund v. Herder,* 156 Ariz. 203, 209, 751 P.2d 519, 525 (1988) (UM reducing clause applies only to payments made by tortfeasor); *Spain v. Valley Forge Ins. Co.,* 152 Ariz. 189, 194, 731 P.2d 84, 89 (1986) (UM offset provision void where insured is injured by two negligent drivers); *Calvert v. Farmers Ins. Co.,* 144 Ariz. 291, 297, 697 P.2d 684, 690 (1985) ("other vehicle" exclusion void as to UM coverage).

The above-cited cases, however, all involved claims by persons who were an "insured" when injured. James Chambers was not such a person. In relation to the C & G policy, James Chambers was neither a named insured nor a family member of a named insured; he was an "anyone else" who had UIM coverage only when occupying a covered auto. *See Alcala v. Mid–Century Ins. Co.,* 171 Ariz. 121, 123, 828 P.2d 1262, 1264 (App.1992) (UM and UIM "coverage is afforded to strangers to the policy only when they occupy an insured vehicle"); *Reserve Ins. Co. v. Staats,* 9 Ariz.App. 410, 414, 453 P.2d 239, 243 (1969) (stranger to the policy has no UM coverage when occupying a noncovered auto). The Chambers say that James was no stranger to C & G: he was its founder, half-owner, president and key employee. This is true. But in relation to C & G's business auto policy, James was an "anyone else" and such persons do not have portable UIM coverage. *See, e.g., Alcala,* 171 Ariz. at 123, 828 P.2d at 1264; *Reserve,* 9 Ariz.App. at 414, 453 P.2d at 243.

The Chambers rely on *Farmers Insurance Co. v. United States Fidelity & Guaranty Co.,* 185 Ariz. 125, 912 P.2d 1354 (App.1995). In *Farmers,* a Midway Chevrolet employee driving a customer's car was injured by a negligent, uninsured motorist. *Id.* at 126, 912 P.2d at 1355. The employee sought UM benefits under Midway's policy with USF & G. *Id.* The claim was rejected on grounds that the employee had UM coverage only while occupying a Midway-owned vehicle. *Id.* The customer's insurer, Farmers, settled with the employee, then filed a declaratory judgment action against USF & G. *Id.*

The *Farmers* trial court and Division Two of this Court both held that, because the employee was insured for liability by the Midway policy whether or not he was occupying a Midway-owned vehicle, USF & G could not provide less-inclusive UM coverage. *Id.* at 127–28, 912 P.2d at 1356–57. We agree with *Farmers* and we distinguish it on grounds that the Midway employee was insured when using a noncovered auto; James Chambers was not.

■ The Chambers do not contend, nor could they successfully contend, that James Chambers was insured for liability by the C & G policy while using a noncovered auto. As relevant here, the liability section of the C & G policy provides as follows:

**A. WE WILL PAY.**

1. We will pay all sums the **insured** legally must pay as damages because of **bodily injury** or **property damage** to which this insurance applies, caused by an **accident** and resulting from the ownership, maintenance or use of a covered **auto.**

. . . .

**D. WHO IS INSURED.**

1. **You** are an **insured** for any covered **auto.**

2. Anyone else is an **insured** while using with **your** permission a covered **auto you** own, hire or borrow....

James Chambers was insured for liability under the C & G policy only when he was an "anyone else" in subsection D.2., a status he attained only while using a covered auto. Public policy does not restrict the parties' right to agree on who is an insured. *Alcala,* 171 Ariz. at 123, 828 P.2d at 1264. Public policy precludes an insurer from denying UIM coverage to an insured, but it does not preclude an insurer from denying UIM coverage to one who is not an insured. See *id.*

**III**

James Chambers, who was an insured under the C & G policy only while occupying a

covered auto, was injured in a noncovered auto. The trial court's judgment correctly declared that, as a matter of law, the Chambers had no UIM coverage under the C & G policy for this injury; they had no reasonable expectation of such coverage; and public policy does not require judicial revision of the C & G policy. The judgment is affirmed.

TOCI, P.J., and PATTERSON, J., concur.