**NOT FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

FILED

APR 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NANCY BONO, | No. 17-15672 |
| Plaintiff-Appellant, | D.C. No. 4:15-cv-00548-CKJ-LAB |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| STATE FARM INTERNATIONAL SERVICES INCORPORATED, an Arizona corporation, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 13, 2018[]
San Francisco, California

Before:  KLEINFELD, W. FLETCHER, and TALLMAN, Circuit Judges.

Plaintiff-Appellant Nancy Bono appeals the district court's grant of summary judgment in favor of Defendants-Appellees State Farm Mutual Automobile Insurance Company and State Farm International Services Incorporated (collectively, "State Farm"). We have jurisdiction under 28 U.S.C. § 1291 and we affirm the district court.

We review de novo the district court's grant of summary judgment. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir. 2004). The sole issue for our review is whether State Farm's policy, which limits coverage to damages arising from bodily injury suffered by an insured, is contrary to ARS § 20-259.01, which requires insurers to provide underinsured motorist ("UIM") coverage upon request.

The district court found that State Farm's policy was valid. We agree. There is no statutory requirement for insurers to provide UIM benefits as a result of injury to a person who is not insured under the policy. *See Alcala v. Mid-Century Ins. Co.*, 828 P.2d 1262, 1264 (Ariz. Ct. App. 1992); ARS § 20-259.01(B)

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(requiring companies to provide UIM coverage that "extends to and cover all persons <u>insured</u> under the policy") (emphasis added). Nor does the statute require insurers to provide UIM benefits when, as in this case, a claimant who is insured seeks benefits as compensation for the wrongful death of an uninsured person. *See* ARS § 20-259.03 (authorizing recovery for wrongful death under UIM policy where both the claimant and the decedent are insured); *Bartning v. State Farm Fire & Cas.*, 793 P.2d 127, 129 (Ariz. Ct. App. 1990) (addressing analogous facts with respect to uninsured motorist benefits).

Bono argues that under *Lowing v. Allstate Ins. Co.*, 859 P.2d 724 (Ariz. 1993) (en banc), "[e]xceptions to coverage are not generally permitted unless expressly allowed by statute." *Id.* at 729 (citing *Rashid v. State Farm Mut. Auto. Ins. Co.*, 787 P.2d 1066, 1071 (Ariz. 1990)). But because State Farm's policy tracks the scope of ARS § 20-259.01 and does not create an exception to coverage, *Lowing* is inapplicable. Because the district court correctly found that State Farm's policy was not void, the court did not err by entering summary judgment in State Farm's favor.

**AFFIRMED.**